BRIAN J. FOGARTY *vs.* COMMONWEALTH
(and two companion cases).

Suffolk. Berkshire. September 12, 1989. - November 16, 1989.

Present: LIACOS, C.J., WILKINS, NOLAN, & LYNCH, JJ.

*Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* New trial, Continuance, Assistance of counsel, Judicial discretion, Disqualification of judge. *Judge.*

This court declined to exercise its powers under G. L. c. 211, § 3, to set aside a decision of the Appeals Court upon an unsupported claim of posttrial judicial misconduct and other claims decided adversely to the defendant by the Appeals Court. [106-107]

Where affidavits supporting a criminal defendant's motion for a new trial raised no issues unknown to the defendant at the time of his trial and original appeal, the judge did not abuse his discretion in refusing to consider these issues. [107-108]

This court declined to consider a criminal defendant's claim of a newly discovered conflict of interest on the part of his trial counsel as a basis for allowing the defendant a new trial, where the ground for seeking a new trial was not properly raised in the defendant's motion below, nor were the facts alleged verified in the record or by affidavit. [108-110]

The judge in a criminal case was within his discretion in denying the defendant's motion for a new trial without holding an evidentiary hearing, where the defendant presented to the judge issues already decided against him on appeal, and a charge of judicial misconduct lacking any factual foundation. [110-111]

There was no merit to the contention that the judge at a criminal trial was biased against the defendant and should have recused himself. [111]

INDICTMENTS found and returned in the Superior Court Department on November 19, 1986.

Motions for postconviction relief, filed on December 5, 1988, were considered by *William W. Simons,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

CIVIL ACTIONS commenced in the Supreme Judicial Court for the county of Suffolk on September 22, 1988, and October 3, 1988, respectively.

The cases were considered by *O'Connor, J.*

*Christopher A. Grillo* of Florida for the defendant.

*Robert J. Carnes,* Assistant District Attorney, for the Commonwealth.

LYNCH, J. Brian J. Fogarty (defendant) was convicted of assault with intent to murder, assault in a dwelling house with a dangerous weapon, assault and battery by means of a dangerous weapon, and cocaine trafficking. His convictions were affirmed by the Appeals Court, *Commonwealth* v. *Fogarty,* 25 Mass. App. Ct. 693, further appellate review denied, 401 Mass. 1104 (1988).

He now appeals from the denial of postconviction relief in two proceedings in the Supreme Judicial Court for Suffolk County to set aside the Appeals Court's decision upholding his convictions and to reinstate his appeal, and for stay of execution and admission to bail pending appeal of the denial of that relief. He also appeals from the denial of motions before the trial judge for a new trial and for the judge's recusal from hearing the new trial motion.[1] All appeals have been consolidated for review by this court. We affirm the orders of both the single justice and the trial judge.

The Appeals Court's opinion affirming the defendant's convictions contains an error. In the section upholding the judge's rejection of motions to continue the trial and to permit counsel to withdraw, the court states the following: "In a recorded conference between the defendant and Ms. [Quigley], *a transcript of which was read by the judge before he ruled on the matter,* they referred to a clash of personalities and differences as to tactics. *Ms. [Quigley] indicated, however, that she was prepared for trial*" (emphasis

---

[1] On the motions before the trial judge, the defendant is represented by new counsel, who did not represent him either at trial, on appeal, or before the single justice of this court. The defendant, a member of the Florida bar for nine years at the time of his trial, acted pro se on the matters decided by the single justice.

added). *Commonwealth* v. *Fogarty, supra* at 697. Because the conversation in which Quigley informed Fogarty she was ready to try his case occurred on June 23 — the day after the judge had denied the motion to withdraw — it would have been impossible for the judge to have read a transcript containing Quigley's assessment of her preparedness prior to ruling on the motion. The Commonwealth acknowledges that this statement is erroneous.

The defendant, attributing unwarranted significance to this relatively innocuous mistake, commenced an action seeking to vacate the Appeals Court's decision and to reinstate his appeal on the ground of alleged judicial misconduct. See G. L. c. 211, § 3 (1988 ed.).[2] A single justice denied relief with leave to file a motion for a new trial. The defendant then applied for stay of execution of sentence and admission to bail;[3] this too was denied by the single justice. The defendant appealed from both these rulings and submitted a pro se brief to this court.

Subsequently, the defendant's new counsel filed motions in the Superior Court for new trial and for the trial judge to recuse himself from hearing the new trial motion. The motion for a new trial sets out as error the same issues raised on appeal (trial judge's denial of motions for withdrawal and continuance and ineffective assistance of trial counsel) and in the proceeding under c. 211, § 3 (alleged judicial misconduct). In a memorandum in support of the motion, new counsel also asserted that the defendant had discovered, only after the Appeals Court's decision, that Quigley had not resolved a conflict of interest arising out of her simultaneous representation of a Commonwealth witness against Fogarty, as she had

---

[2]In pertinent part, G. L. c. 211, § 3 states: "The supreme judicial court shall have general superintendence of all courts of inferior jurisdiction to correct and prevent errors and abuses therein if no other remedy is expressly provided . . . ."

[3]A similar application filed with the trial judge, pending appeal of the defendant's convictions, had been denied.

told him she would.[4] The affidavits submitted with the motion for a new trial did not address either the alleged judicial misconduct or the claim of a newly discovered conflict of interest of trial counsel.

On January 10, 1989, the trial judge denied the recusal motion. He then summarily denied the motion for a new trial without a hearing, stating that "this motion raises no question which could not have been raised in the original appeal." The defendant, represented by the same counsel who filed these motions, appealed. We begin our review with the single justice's decisions.

1. *Denial of relief under G. L. c. 211, § 3.* Decisions of a single justice will not be disturbed on appeal absent clear error of law or abuse of discretion. *Palaza* v. *Superior Court*, 393 Mass. 1001, 1002 (1984). *Schipani* v. *Commonwealth*, 382 Mass. 685 (1980). Neither occurred here.

The defendant's conclusion that the misstatement in the Appeals Court's decision is the result of impermissible ex parte communication between the trial judge and the Appeals Court hinges, not on any facts or affidavits, but merely on his bare assertions, in a pro se motion, that it "appears" to be so, and that this conclusion is "inescapable."[5] His contention of posttrial judicial misconduct is lacking its essential factual underpinning and is, therefore, without merit. The defendant's other claims before the single justice were decided adversely to him by the Appeals Court.

Clearly, errors claimed and rejected on appeal along with an unsupported charge of posttrial judicial misconduct fail to

---

[4]The defendant alleges that, when he rejected the offer to plead guilty to reduced charges, and it became apparent his case would be going to trial, Quigley assured him she would transfer to "independent" counsel the divorce case she was handling for one of the Stockbridge police officers who would be testifying against the defendant. In the memorandum in support of the motion for a new trial, the defendant's counsel asserts that, only after his appeal was decided did the defendant discover that Quigley's law partner had succeeded her in the police officer's divorce case.

[5]The Commonwealth has offered another explanation for the error it cannot but concede exists in the Appeals Court's opinion — an innocent mistake arising in that court's "review of a complex and lengthy record."

demonstrate a "substantial claim of violation of his substantive rights and irremediable error" necessary to justify the extraordinary relief of G. L. c. 211, § 3. *Morrissette* v. *Commonwealth*, 380 Mass. 197, 198 (1980). *Schipani* v. *Commonwealth*, *supra.* Where the normal process of appeal and motions for postconviction relief are available to examine the claims cited by the defendant, there exist no "exceptional circumstances" requiring relief under c. 211, § 3. *Commonwealth* v. *McCarthy*, 375 Mass. 409, 414 (1978), and cases cited. See *Simmons* v. *Commonwealth*, 403 Mass. 1004 (1988).

Because we conclude that the single justice correctly denied the defendant relief under G. L. c. 211, § 3, it is unnecessary for us to review his appeal from the denial of his request for a stay and bail pending review by this court. The issue has become moot.

2. *Denial of the motion for a new trial.* The trial judge denied the motion without a hearing on the ground that "this motion raises no question which could not have been raised in the original appeal." The defendant seeks review of this action.

The defendant's motion for a new trial is based primarily on the denial of his requests for a continuance and for leave for withdrawal of counsel, and a claim of ineffective assistance of trial counsel. The trial judge correctly observed that these claims were either raised on appeal and rejected, or could have been raised through this process and were not.[6] "[A] motion for a new trial may not be used as a vehicle to compel a trial judge to review and reconsider questions of law" on which a defendant has had his day in an appellate court, or forgone that opportunity. *Commonwealth* v. *McLaughlin*, 364 Mass. 211, 229 (1973). While a judge does have the discretion to rehear such questions, this court has recommended restricting the exercise of that power to "those extraordinary cases where, upon sober reflection, it appears

---

[6] Obviously this does not refer to the unsubstantiated judicial misconduct claim that was also before the single justice.

that a miscarriage of justice might otherwise result." *Commonwealth* v. *Harrington*, 379 Mass. 446, 449 (1980). In this case, the only additional facts supplied by the defendant to bolster arguments already heard by the Appeals Court were assertions in affidavits by the defendant, his wife, his chosen substitute counsel for trial, a friend, and an alleged potential alibi witness about perceived bias of trial counsel against her client, her friendly attitude toward the prosecuting attorney, and her failure to call certain witnesses.. The judge had the power and the duty to determine the weight and import of these affidavits, the credibility of the affiants, and the fact that they raised no issues unknown to the defendant at the time of his trial. *Commonwealth* v. *Thomas*, 399 Mass. 165, 167 (1987). *Commonwealth* v. *Little*, 384 Mass. 262, 269 (1981). We conclude that there was no abuse of discretion on the judge's part to refuse to reconsider these questions.

The defendant's claim of newly discovered conflict of interest on the part of trial counsel is such that it requires further elaboration. By his own admission, the defendant was aware that his trial counsel had continued representing a Commonwealth witness, Sergeant Louis Peyron, in his divorce case, in anticipation that the defendant would accept an offer to plead guilty to reduced charges and would not be tried. The defendant reveals that, once he changed his mind on the plea offer, and it became clear that his case would proceed to trial, trial counsel assured him that she would arrange for another attorney to handle this divorce case. Not once did the defendant raise the issue before the trial judge of a possible conflict of interest arising out of counsel's relationship with Sergeant Peyron — even though the defendant personally addressed the judge on two successive days regarding Quigley's withdrawal motion and his own request for a continuance in order to substitute counsel. Furthermore, there was no conflict of interest claim raised in his direct appeal. *Commonwealth* v. *Fogarty*, 25 Mass. App. Ct. 693, 699-700 (1988). Even in his motion for a new trial, the defendant only alludes to the facts concerning his trial counsel's repre-

sentation of Sergeant Peyron which were known to him at the time of his request for a continuance.

In his memorandum supporting the motion for a new trial, however, the defendant's new counsel asserts a newly discovered dimension to this simultaneous representation. He states that the law partner of the defendant's trial counsel continued to represent Sergeant Peyron throughout Quigley's conduct of Fogarty's defense, after she had assured the defendant that she would turn the case over to an "independent" attorney. The defendant contends he learned of this conflict of interest only after the Appeals Court's decision was rendered.

This claim is one that the judge would not have been required to address: Under Mass. R. Crim. P. 30 (c) (2), 378 Mass. 900 (1979), "[a] ground for seeking a new trial must be raised in the defendant's motion." *Commonwealth v. Pope*, 392 Mass. 493, 497 n.5 (1984) (error alleged in an attached affidavit, but not in the motion itself, was not raised by the new trial motion). *Commonwealth v. McLaughlin*, 364 Mass. 211, 225 (1973) (where defendant's motion for a new trial listed one ground [a recent United States Supreme Court decision], an accompanying ninety-page brief put forth a number of additional bases, a "fair and reasonable reading" found that the only ground for relief was raised in the motion).

Furthermore, the record contains no evidence or affidavit in support of the defendant's assertion that Quigley's law partner represented Sergeant Peyron. Neither is there any claim by the defendant, or findings by the judge to the effect, that Sergeant Peyron was a crucial witness for the Commonwealth, or that Quigley was less than vigorous in her cross-examination of him.[7] Because of the absence of these facts,

---

[7]As far as we can see from the trial transcript, Sergeant Peyron testified only as to the chain of custody of the blood-stained bags of cocaine, believed to have belonged to the defendant, found hanging on a tree near the defendant's former girl friend's apartment on the night of his assault on her. It does not appear that Sergeant Peyron was the type of critical or significant prosecution witness whose simultaneous representation by de-

as well, the conflict of interest issue was not properly raised below.[8]

Since this question was never before the judge, we decline to consider it as well. *Commonwealth* v. *Wojcik*, 358 Mass. 623, 631 (1971). Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975). If a subsequent motion for a new trial is filed, supported by proper affidavits that establish a facially correct conflict of interest claim, we direct that, to avoid any possible miscarriage of justice, this motion be heard and decided on the basis of appropriate findings.

The only remaining question effectively raised in the motion for a new trial is the same judicial misconduct claim that was before the single justice. We have already concluded that this charge is without merit because the defendant has failed to establish the factual predicate on which it is based.

A judge's decision to deny a motion for a new trial — and thus to conclude justice was done at trial, Mass. R. Crim. P. 30 (b), 378 Mass. 900 (1979) — will not be disturbed unless a review of the defendant's case shows that the decision, if not reversed, will result in "manifest injustice." *Commonwealth* v. *Tobin*, 392 Mass. 604, 619 (1984). The defendant's claims fall far short of meeting this standard, and thus we uphold the judge's decision.

Finally, the defendant challenges the judge's denial of the motion without holding an evidentiary hearing. We conclude there was no error. The choice of deciding the motion on the basis of affidavits or hearing oral testimony is left largely to the sound discretion of the judge. *Commonwealth* v. *Stewart*,

---

fense counsel's partner, if shown, would automatically constitute a genuine conflict of interest. Therefore, the burden is on the defendant "to prove, without relying on mere conjecture or speculation, that a genuine conflict existed," and that he was materially prejudiced by Quigley's law partner's simultaneous representation of Sergeant Peyron. *Commonwealth* v. *Walter*, 396 Mass. 549, 554-556 (1986). *Commonwealth* v. *Edgerly*, 390 Mass. 103, 108 (1983).

[8]Rule 9 of the Rules of the Superior Court (1989), states, in relevant part: "In criminal cases the court need not hear any motion, or opposition thereto, grounded on facts, unless the facts are verified by affidavit."

383 Mass. 253, 257 (1981). In exercising this discretion the judge must decide whether a substantial issue necessitating an evidentiary hearing has been raised. *Commonwealth* v. *Grace*, 397 Mass. 303, 313 (1986). In doing so, the judge looks not only to the seriousness of the claims presented, but also to the adequacy of the defendant's factual showing on those claims. *Commonwealth* v. *Stewart*, *supra* at 257-258. Here the defendant presented to the judge issues already decided against him on appeal and a judicial misconduct charge lacking any factual foundation. The judge was well within his discretion in denying the defendant's motion for a new trial without a hearing. Mass. R. Crim. P. 30 (c) (3), 378 Mass. 900 (1979). *Commonwealth* v. *Stewart*, *supra*.

3. *Denial of motion to recuse.* The claim that the trial judge was biased against the defendant and should have recused himself is equally deficient. A judge is not required to honor every allegation of bias or partiality raised by a party. *Harris* v. *Trustees of State Colleges*, 405 Mass. 515, 527 (1989). *Commonwealth* v. *Gogan*, 389 Mass. 255, 259 (1983). To rise to the level of requiring disqualification, the bias or prejudice must spring from an extrajudicial source, and not from matters learned from participation in the case. *Id. Commonwealth* v. *Leventhal*, 364 Mass. 718, 722 (1974). In general, the question of recusal is also a matter left to the discretion of the judge. *Harris* v. *Trustees of State Colleges, supra.* Under this standard, the defendant has not shown any grounds for requiring the disqualification of the judge.

The orders of the single justice and the judge in the Superior Court are affirmed.

*So ordered.*