COMMONWEALTH vs. BRIAN J. FOGARTY.

Suffolk. December 5, 1994. - February 9, 1995.

Present: LIACOS, C.J., WILKINS, ABRAMS, & LYNCH, JJ.

*Constitutional Law*, Assistance of counsel. *Conflict of Interest. Practice, Criminal*, Assistance of counsel, Postconviction relief. *Attorney at Law*, Conflict of interest.

Statements of the Federal and State standards regarding a criminal defendant's right to assistance of counsel unimpaired by conflicts of interest. [458-459]

A criminal defendant did not demonstrate that his trial counsel had an actual conflict of interest, nor did he demonstrate any potential conflict of· interest resulting in material prejudice, such as would entitle him to a new trial under art. 12 of the Declaration of Rights of the Commonwealth. [459-460]

INDICTMENTS found and returned in the Superior Court Department on November 19, 1986.

A third motion for a new trial was considered by *William W. Simons*, J.

An appeal from the denial of the defendant's third motion for a new trial was transferred from the Appeals Court and consolidated with an appeal from the denial of the defendant's bail petition.

*Brian J. Fogarty*, pro se.

*Joseph A. Pieropan*, Assistant District Attorney, for the Commonwealth.

ABRAMS, J. Brian Fogarty was convicted of assault with intent to murder, armed assault in a dwelling house, assault and battery by means of a dangerous weapon, and cocaine trafficking after a jury trial in June, 1987. The defendant appealed and the convictions were affirmed by the Appeals Court. See *Commonwealth* v. *Fogarty*, 25 Mass. App. Ct.

693 (1988). The defendant filed a motion for a new trial, and a complaint for relief pursuant to G. L. c. 211, § 3 (1992 ed.). The motion for a new trial was denied as was the request for extraordinary relief. We affirmed the rulings of the single justice on the request for extraordinary relief and of the trial judge on the motion for new trial in a consolidated appeal. See *Fogarty* v. *Commonwealth*, 406 Mass. 103 (1989). In that opinion, we stated that, "[i]f a subsequent motion for a new trial is filed, supported by proper affidavits that establish a facially correct conflict of interest claim, we direct that, to avoid any possible miscarriage of justice, this motion be heard and decided on the basis of appropriate findings." *Id.* at 110.

Thereafter, the defendant filed a second motion for a new trial alleging a conflict of interest arising out of defense counsel's contemporaneous representation of a witness, Louis Peyron, and the defendant. After an evidentiary hearing, the motion judge who was also the trial judge determined that there was no simultaneous representation of the witness Peyron with the defendant by the defendant's trial counsel and that "there [was] no showing of material prejudice to the defendant by virtue of the entire relationship in all its complexities among the various parties, witnesses and attorneys." The judge also found "that taking into consideration all of the combinations of facts permitted by reason and good sense, there was no such conflict." The judge concluded "that the defendant has not been deprived of his constitutional right to the effective assistance of counsel by reason of any alleged genuine conflict of interest or any potential conflict that materially prejudiced his defense." The Appeals Court affirmed in an unpublished decision dated August 14, 1992, in accordance with its Rule 1:28, 33 Mass. App. Ct. 1105 (1992). The Appeals Court noted that "testimony at the evidentiary hearing far more easily supports the judge's findings than those for which the defendant contended."

On appeal, the defendant's appellate counsel raised a new conflict of interest involving trial counsel and one of her associates, Frank Antonucci and a witness, Irene Pizzi. The de-

fendant's counsel stated in the brief that "at a minimum . . . a question [could be raised] about the identity of who was the actual perpetrator." The Appeals Court did not mention the alleged conflict of interest between trial counsel and Antonucci in its unpublished memorandum.

The defendant filed a third motion for a new trial, which is the subject of the appeal before us,[1] alleging a conflict of interest between trial counsel, Antonucci, and prosecution witness Pizzi. He also alleges that his counsel in his second motion for a new trial was ineffective due to his failure to learn of this conflict of interest earlier. The trial judge denied the third motion for new trial without a hearing on two grounds. The judge determined that Antonucci represented Pizzi in a criminal action which began on or about November, 1984, and concluded on or about June 17, 1985. The trial judge also found that, even if Antonucci's representation of the witness were considered to continue through Pizzi's probationary term, that term expired on June 16, 1986. The judge concluded, "[i]t is clear that the alleged conflict, if it was one, did not include simultaneous representation." The trial judge also reasoned that the conflicts "claimed to have been learned [recently] . . . were clearly available and discoverable to the defendant at all times during his previous applications for relief." We affirm the denial of the defendant's third motion for a new trial.

*Conflicts of interest.* Under the Sixth and Fourteenth Amendments to the Constitution of the United States and art. 12 of the Declaration of Rights of the Commonwealth, criminal defendants have a right to the assistance of counsel unimpaired by loyalties to other clients. *Glasser v. United States*, 315 U.S. 60, 75-76 (1942). In *Cuyler v. Sullivan*,

---

[1]In the Supreme Judicial Court for Suffolk County, the defendant sought to be released on bail. The single justice denied the bail petition. The defendant appealed from that ruling. On motion, the appeal from the denial of the defendant's third motion for a new trial was transferred to this court and consolidated with the appeal from the denial of bail. Subsequently, the defendant was released from custody and the appeal from the denial of bail was dismissed.

446 U.S. 335 (1980), the United States Supreme Court elaborated the standard for conflict of interest claims under the Sixth Amendment, requiring a defendant to prove that there was an actual conflict of interest and that the conflict had an adverse effect on counsel's representation of the defendant.

The standard protecting the right to unimpaired assistance of counsel guaranteed under the Massachusetts Declaration of Rights is more rigorous. If a defendant demonstrates an actual conflict of interest, art. 12 does not require the defendant to show that the conflict resulted in actual prejudice or that it had an adverse effect on his counsel's performance. *Commonwealth* v. *Shraiar*, 397 Mass. 16, 20 n.3 (1986); *Commonwealth* v. *Hodge*, 386 Mass. 165, 170 (1982) ("having established a genuine conflict of interest, [the defendant] was required to prove neither actual prejudice nor adverse effect on his trial counsel's performance to entitle him to a new trial under art. 12"). However, where a defendant can show nothing more than a potential conflict, the conviction will not be reversed except on a showing of actual prejudice. *Commonwealth* v. *Epsom*, 399 Mass. 254, 262-263 (1987); *Commonwealth* v. *Shraiar*, *supra* at 24, and cases cited.

The defendant has failed in his burden to show conflicting loyalties. See *Commonwealth* v. *Soffen*, 377 Mass. 433, 437-438 (1979). The conflict of interest alleged by the defendant arises out of Antonucci's representation of one of the prosecution's complaining witnesses, Pizzi, in a prior criminal action which began in November, 1984, and concluded on June 17, 1985. The attorney-client relationship between Antonucci and Pizzi thus began approximately two years before and ended approximately ten months before the defendant retained Quigley. If Pizzi's probationary term, which ended on June 16, 1986, is included then Antonucci's representation of Pizzi ended five months prior to the defendant's hiring of Quigley.

The defendant puts great emphasis on a real estate trust owned by Quigley, Antonucci, and Attorney Dana Marcus in arguing that a conflict of interest was created by Antonucci's representation of Pizzi. Under G. L. c. 108A (1992 ed.),

which "governs the formation, conduct, and liquidation of partnerships," *Meehan* v. *Shaughnessy*, 404 Mass. 419, 428 (1989), there is no merit to that claim. The joint ownership of the building in which the three attorneys shared office space does not alone make them law partners. See G. L. c. 108A, § 7 (2).[2] Because we conclude that the record does not support a claim that the three attorneys were partners at the relevant times, the defendant's claim that Antonucci's prior representation of one of the prosecution's complaining witnesses created a conflict of interest which burdened Quigley is without merit.

In sum, the defendant has shown neither a genuine conflict of interest nor a potential conflict of interest resulting in material prejudice.[3] He has not established a valid conflict of interest. See *Fogarty* v. *Commonwealth*, 406 Mass. 103, 110 (1989). As a result, the defendant's motion for new trial alleging that he received ineffective assistance of trial counsel due to an alleged conflict of interest fails, as does his claim of ineffective assistance of his second appellate counsel. Because we conclude that the defendant failed to prove an actual or a potential conflict of interest, we do not discuss the issue of waiver. We note, however, that under Mass. R. Crim. P. 30 (c) (2), 378 Mass. 900 (1979), "a defendant must assert all reasonably available grounds for postconviction relief in his first rule 30 motion or those claims are lost." *Commonwealth* v. *Deeran*, 397 Mass. 136, 139 (1986).

---

[2]General Laws c. 108A, § 7 (1992 ed.), provides in relevant part: "In determining whether a partnership exists, these rules shall apply: (1) Except as provided by section sixteen persons who are not partners as to each other are not partners as to third persons.

"(2) Joint tenancy, tenancy in common, tenancy by the entireties, joint property, common property, or part ownership does not of itself establish a partnership, whether such co-owners do or do not share any profits made by the use of the property. . . ."

[3]In his brief, the defendant argues issues concerning his original conviction and his first two motions for new trial. Those issues are not properly before us and we do not discuss them.

The order denying the defendant's third motion for a new trial is affirmed.

*So ordered.*