Barton, J.
The defendants, Violet Amirault and Cheryl Amirault LeFave (“defendants”) were, convicted in 1987 of multiple charges of rape of a child and indecent assault and battery on a child. The case was tried before Superior Court Justice John P. Sullivan in Courtroom 12B of the Middlesex Superior Courthouse in Cambridge. The defendants have filed a Motion for a New Trial under Mass.R.Crim.P. 30(b), claiming they were deprived of their right under Article 12 of the Massachusetts Declaration of Rights (“Article 12”) to a “face to face” confrontation of the witnesses against them. Justice Sullivan has since retired and the Motion for New Trial was heard before Superior Court Justice Robert A. Barton on August 17, 1995. The issues before the Court on this motion are: (1) was there a violation of the defendants’ rights to a “face to face” confrontation; (2) was that right waived by the defendants; and (3) is Commonwealth v. Johnson, 417 Mass. 498 (1994), retroactive to this case. For the following reasons, the Motion for a New Trial is ALLOWED.
FINDINGS OF FACT
The Court has decided this motion based on a review of the affidavits and exhibits filed by the defendants and the Commonwealth, and written responses to questions posed by the Court, as well as oral argument. The Court exercised its discretion in not holding an evidentiary hearing. Mass.R.Crim.P. 30(c)(3); Fogarty v. Commonwealth, 406 Mass. 103, 110-11 (1989); Commonwealth v. Meggs, 30 Mass.App.Ct. Ill, 114 (1991). Based on its review of the exhibits and affidavits, the Court makes the following findings of fact:
1. The defendants are represented at trial by attorneys Joseph Balliro and Juliane Balliro.
2. There were four child witnesses, three girls and one boy, who testified during the trial. The children, at the time of trial, ranged in age from six to nine years.
3. When the children testified, the courtroom was closed to the public. Two members of the print media were permitted to remain in the courtroom during the testimony of at least one of the children. No camera, video or otherwise, were allowed in the courtroom. An audio feed to a nearby room allowed the press to hear the children’s testimony.
4. During the defendants’ trial, special seating arrangements were made to accommodate the child witnesses who were testifying. A child-sized table and chair were placed in front of the jury and the child witness sat facing the jury. At either end of the child-sized table was a chair for counsel. The court reporter turned her chair to face towards the child. Judge Sullivan sat in a chair to the left of the court reporter and to the right of one of the counsel chairs, facing the rear of the courtroom. A parent sat in the session clerk’s area at the top of the step, to the left rear of the child, facing the jury.
5. For most of the trial there were four chairs at the defense table. Joseph Balliro usually sat at the left side of the table, furthest from, but facing towards, the jury. Juliane Balliro usually sat to the right of the defendants, at the right corner of the table, or slightly around to the right side of the table, closest to the jury. The defendants sat side by side behind the defense table. Violet Amirault was seated at the far left of the table and Cheryl Amirault LeFave was seated near the center of the table, to the left of Juliane Balliro. Juliane Balliro did all of the cross-examinations of the children witnesses. She moved her chair from the right side of the defense table up to the children’s table during their direct testimony. The Assistant District Attorney conducting the direct examination sat in the other counsel chair, at the end of the children’s table nearest the judge.
6. The transcript of the trial shows that during the cross-examination of one of the children, the defense counsel and the Assistant District Attorney exchanged seats. It appears that this procedure was followed for the cross-examination of all the children. The attorney questioning the child witness was seated to the left of the child, closest to the judge and the furthest from the defendants.
*246 7. The defendants made an objection to the seating arrangements of the children witnesses for reasons other than a violation of the Confrontation Clause of Article 12. The defendants’ objection to the special seating was based on the potential for prejudice in the eyes of the jury from the use of the small table and chair. Their objection was denied.
8. The trial judge did not conduct a hearing, hear any witnesses, nor make findings as to the special seating arrangements. There were no reasons given as to the unusual provision of having a parent seated in the clerk’s area while his or her child was testifying.[1]
9. The Court finds that when the child witness was sitting erect and looking directly at the jury, the angle between the child and defendants was a minimum of 112 degrees and a maximum of 145 degrees, depending on where each defendant was seated at the defense table. The distances from the defendants to the child testifying were eight and nine feet, respectively. This latter distance has no bearing on the confrontation issue.
10. The Court can infer and does find that the child testifying looked towards the interrogating lawyer, who was seated closest to the judge and furthest from the defendants. When the child turned towards the questioning counsel, the back of the child’s head was turned towards the defendants at an angle of approximately 180 degrees.
11. The parent was placed in the court clerk’s area to be in a position to reassure the child. The parent was seated to the left rear of the child and thus such an arrangement would direct the child’s attention away from the defendants.
12. The defendants were unable to see the faces of the child witnesses as they testified. At best, the defendants could only see the right ear and a part of the right cheek of the testifying child witness.
13. There was no face to face confrontation except when an in-court identification was made by a child witness.
RULINGS OF LAW
A motion for a new trial pursuant to Rule 30(b) may be granted “if it appears that justice may have not been done.” Commonwealth v. Stewart, 383 Mass. 253, 257 (1981); Mass.R.Crim.P. 30(b). The granting of a motion for a new trial is within the sound discretion of the judge. Commonwealth v. Moore, 408 Mass. 117, 125 (1990); Commonwealth v. Stewart, supra at 257.
The defendants claim that their right under Article 12 to a “face to face” confrontation of their accusers was violated. The defendants allege that the special seating arrangements of the child witnesses deprived them of their constitutional rights to a fair trial. The defendants base their motion on the recent Supreme Judicial Court decision. Commonwealth v. Johnson, supra. The three issues before the Court on this motion are whether there was a violation of the defendants’ right to a “face to face” confrontation; whether the defendants waived that right; and whether Commonwealth v. Johnson, supra, is applied retroactively to this case.
The Court, in the Johnson case, held that Article 12 of the Declaration of Rights of the Massachusetts Constitution which provides, in part, that “every subject shall have a right... to meet the witnesses against him face to face” requires that a defendant must be given an opportunity to observe the face of a witness. Commonwealth v. Johnson, supra, at 499-505. “Face to face” the court concluded, literally means “face to face.” Commonwealth v. Johnson, supra at 500.
Commonwealth v. Johnson, supra at 500, held that there was a violation of the defendant’s right under the Massachusetts Constitution because the defendant was unable to see the face of the complainant. Article 12 contains a necessary element of face to face confrontation of witnesses testifying at trial as opposed to the Sixth Amendment to the United States Constitution which only guarantees the defendant the right to confront witnesses against him/her. Id. At 503.
The Supreme Judicial Court held that it is unconstitutional for a child witness to testify with his/her back to the defendant. Id. At 504. The Supreme Judicial Court has previously ruled that a forty-five degree angle between a defendant and a witness does not violate the confrontation clause of Article 12 since a forty-five degree angle allows the defendant to see the complainant’s profile and to see the movement of the complainant’s lips. Commonwealth v. Conefrey, 410 Mass. 1, 14 (1991); Commonwealth v. Johnson, supra at 504. In the present case, the Court finds that when the child witness turned towards the interrogating lawyer, the back of the child’s head was turned towards the defendants. The Court finds that in the case at bar, when the child was facing the jury, the angle between the child witness and the defendants was between 112 and 145 degrees. At such great angles it was impossible for the defendants to see the children’s profiles or the lip movements. The special seating arrangements for the children witnesses prevented the defendants from confronting their accusers face to face; thus, there was a violation of the defendants’ rights under Article 12.
The defendants made an objection at the time of trial to the special seating arrangements of the children witnesses for reasons other than an infringement of Article 12. The defendants never raised the issue that the special seating arrangements were a violation of their right to a “face to face” confrontation in any of their appeals nor in any of their prior Motions for a New Trial. When a issue could have been previously raised and was not, that issue is deemed to be waived unless such a waiver creates a “substantial risk of a miscarriage of justice.” (Emphasis added.) Commonwealth v. Moffett, 383 Mass. 201, 211 (1981), quoting Commonwealth v. Freeman, 352 Mass. 556, 563-64 (1967).
*247 The Supreme Judicial Court has held that there are special circumstances when an issue not previously raised can be first addressed during a motion for a new trial. Commonwealth v. Rembiszewski, 391 Mass. 123, 126 (1984). The exception is when a constitutional issue is not raised at trial or on direct appeal and “the constitutional theory on which the defendant has relied was not sufficiently developed at the time of trial or direct appeal to afford the defendant a genuine opportunity to raise his claim at those junctures of the case.” Id. At 126. The Supreme Judicial Court did not decide that special seating for child witnesses violated a defendant’s right to “face to face” confrontation until 1994 in Commonwealth v. Johnson, supra at 505, approximately seven years after the trial of these defendants.
The defendants did not waive the issue of “face to face” confrontation by failing to raise it either on appeal or in previous Motions for a New Trial. It was not until Commonwealth v. Johnson, supra at 500, that Article 12 was interpreted in such a way as to require that the defendant be able to see the complainant’s face. Commonwealth v. Johnson, supra at 504, held that a forty-five degree angle between the defendant and the witness was sufficient to meet the constitutional requirement to “face to face” confrontation. See Commonwealth v. Conefrey, supra at 14. The ruling of Commonwealth v. Johnson was “not so predictable when this case was tried, or when it was argued, that, the defendant[s’] failure to challenge previously their right to ‘face to face’ confrontation should preclude [them] from doing so now.” Commonwealth v. Rembiszewski, supra at 128. Even if the Court is in error as to whether the defendants should have earlier raised their right to “face to face” confrontation, the right to confrontation is so fundamental to the trial process that by depriving the defendants of that right, justice was not served.
The final issue is whether Commonwealth v. Johnson, supra may be applied retroactively to this case. The United States Supreme Court had held that new constitutional rules are not retroactive unless “it requires the observance of ‘those procedures that . . . are implicit in the concept of ordered liberty.’ ” Teague v. Lane, 489 U.S. 288, 307-310 (1989), quoting Mackey v. United States, 401 U.S. 667, 692 (1971). Our own Supreme Judicial Court has held that a “new rule should be applied retroactively if not to do so would ‘undermine the fundamental fairness that must underlie a conviction or seriously diminish the likelihood of obtaining an accurate conviction.’ ” Commonwealth v. Bray, 407 Mass. 296, 303 (1990), quoting Teague v. Lane, supra at 315.
The right to “face to face” confrontation is guaranteed by Article 12 because it is so fundamental to a defendant’s right to a fair trial. The special seating arrangements of the children witnesses prevented the defendants from confronting their accusers “face to face.” When the purpose of a new precept if “to overcome an aspect of the criminal trial that substantially impairs its truth-finding function and so raises serious questions about the accuracy of guilty verdicts in past trials, the new rule [is] given complete retroactive effect.” Commonwealth v. Breese, 389 Mass. 540, 548 (1983), quoting Brown v. Louisiana, 447 U.S. 323, 328 (1980); Williams v. United States, 401 U.S. 646, 653 (1971) (plurality opinion of White, J.). In Commonwealth v. Johnson, supra at 502, the Supreme Judicial Court interpreted Article 12’s right to “face to face” confrontation to mean that “a defendant must be given an opportunity to observe the faces of all witnesses who testify against him at trial.” The special seating of children witnesses which prevented the defendant from seeing their faces was a violation of the right to confrontation. Id. At 505.
Commonwealth v. Johnson, supra, should be applied retroactively at least as far as the present case is concerned. The right to confrontation is so fundamental to our justice system that a violation of that right creates a substantial miscarriage of justice. The Commonwealth’s entire case depended upon the credibility and reliability of the children witnesses. The testimony of the children was the critical evidence in the case and the verdict was based on the jury believing that testimony. The only percipient witnesses were children. By appearing to elevate and/or to protect those children by very special furniture and seating arrangements, the jury was indirectly instructed to judge the credibility and demeanor of the children in a different light than they would a mature witness. The unusual seating arrangements for the children witnesses, like those in Commonwealth v. Johnson, supra at 500-01, prevented these defendants from receiving a fair trial under both the United States and the Massachusetts Constitutions.
The special seating arrangement for the children prevented justice from being done. The Constitution and the rights it affords are fundamental and should be upheld despite any intervening factors. In this case, as in Commonwealth v. Johnson, “to interpret Article 12 as requiring only that the witnesses be in the physical presence of the defendant, without the defendant’s being able to observe the face of the witness” would render the words “face to face” superfluous. Commonwealth v. Johnson, supra at 502, quoting Commonwealth v. Bergstrom, 402 Mass. 534, 542 (1988). In the present case there was a clear constitutional violation of the defendants’ right to a fair trial. No matter how heinous the alleged crimes, the Constitution should not be compromised.
ORDER
For the foregoing reasons, the defendants’ Motion for a New Trial is ALLOWED.

 Although the Commonwealth alludes to Justice Elizabeth Dolan’s extensive hearing and findings in a prior case in which these defendants were not a party, they can not be and were not adopted by reference by the trial judge in this case.