COMMONWEALTH *VS.* STEVEN WHITE.

No. 96-P-245.

Suffolk. January 6, 2000. - October 31, 2001.

Present: ARMSTRONG, C.J., SMITH, & BROWN, JJ.

*Constitutional Law,* Assistance of counsel. *Practice, Criminal,* Assistance of counsel, New trial, Appeal, Waiver.

On an appeal from the denial of a motion for a new trial in a criminal case, this court, assuming that the defendant was free to reserve claims of ineffective assistance of counsel for a postappeal motion rather than raising them on direct appeal, concluded that there was no basis for an ineffective assistance of counsel claim under either the Federal or State Constitution, where none of the alleged shortcomings of the trial counsel raised a substantial risk of a miscarriage of justice. [143-146]

INDICTMENTS found and returned in the Superior Court Department on October 4, 1984.

The cases were tried before *Charles M. Grabau,* J., and an amended motion for a new trial, filed on February 23, 1995, was heard by him.

*Deirdre Lee Thurber* for the defendant.

*Christopher Pohl,* Assistant District Attorney, for the Commonwealth.

ARMSTRONG, C.J. The defendant, whose direct appeal from his convictions was decided in *Commonwealth* v. *White,* 27 Mass. App. Ct. 789 (1989), appeals from an order by the trial judge denying his motion for a new trial (which included his own pro se motion and a supplementary motion filed by new counsel appointed to represent him). The judge ruled that the issues argued in the consolidated motion — primarily claims based on ineffective assistance of trial and appellate counsel — had been waived by the defendant's failure to raise them in the direct

appeal.[1] In addition, the judge ruled that none of the issues raised in the motion were of such significance as to raise a substantial risk of a miscarriage of justice.

The judge may well have been correct in denying the motion on the waiver ground — the defendant having been represented on appeal by counsel unaffiliated with his trial counsel, compare *Breese* v. *Commonwealth*, 415 Mass. 249, 250 n.1 (1993), and the alleged shortcomings of trial counsel having been known to the defendant at the time of the direct appeal. See *Commonwealth* v. *Sowell*, 34 Mass. App. Ct. 229, 236 n.4 (1993) ("It is arguable . . . that . . . there is no logical support for permitting a postappeal challenge based upon ineffective assistance of trial counsel in cases in which independent new counsel could have raised the claim on direct appeal . . . ."). "[T]he requirement that issues be properly preserved for appeal and then resolved in a single appeal, perhaps combined with an appeal from the trial judge's denial of a motion for a new trial," *Commonwealth* v. *Curtis*, 417 Mass. 619, 624 n.3 (1994), coupled with "the appellant's responsibility to ensure that the record is adequate for appellate review," *Commonwealth* v. *Woody*, 429 Mass. 95, 97 (1999), tend to support the judge's view that the ineffective assistance claims not raised at the time of the direct appeal were waived.

If we assume, however, as the defendant's current appellate counsel in effect argues, that the defendant was free to reserve his claims of ineffective assistance of trial counsel for a postappeal new trial motion, there is nevertheless no need to return the case to the trial judge for reconsideration of the motion. The trial judge, who was in a superior position to evaluate the significance of trial counsel's alleged omissions in the context of the trial, see *Commonwealth* v. *Haley*, 413 Mass. 770, 773 (1992), has already made the pivotal ruling that none of the alleged shortcomings of the trial counsel raises a substantial risk

---

[1]There was also a cluster of issues raised in the pro se new trial motion that *had* been raised on direct appeal, but " 'a motion for a new trial may not be used as a vehicle to compel a trial judge to review and reconsider questions of law' on which a defendant has had his day in an appellate court, or forgone that opportunity." *Fogarty* v. *Commonwealth*, 406 Mass. 103, 107 (1989), *S.C.*, 419 Mass. 456 (1995), quoting from *Commonwealth* v. *McLaughlin*, 364 Mass. 211, 229 (1973).

of a miscarriage of justice. "[I]f an omission of counsel does not present a substantial risk of a miscarriage of justice . . . there is no basis for an ineffective assistance of counsel claim under either the Federal or the State Constitution." *Commonwealth* v. *Curtis*, 417 Mass. at 624-625 n.4.

The judge's ruling was correct. The claims mainly concerned trial counsel's alleged (1) failure to interview prosecution witnesses before trial; (2) failure to call as a witness a woman who observed the defendant and the victim using a payphone between the first alleged rape and the later rapes, and a police officer who allegedly would also offer exculpatory testimony; (3) failure to secure exculpatory evidence, including police reports; (4) failure to investigate possible defenses, and to meet with and discuss those with the defendant; (5) failure to call defense witnesses; (6) failure to visit the scene of the crimes; and (7) the failure to be present when the jury asked a question of the trial judge during deliberations. Most of these claims are merely unsupported assertions by the defendant, neither explained nor persuasively argued. For example, the defendant does not discuss how additional meetings with counsel would have aided his defense. Nor does he offer significant detail as to which prosecution witnesses trial counsel failed to interview, or how such an interview might have accomplished something better for the defense. The woman who observed the phone call, whose testimony is said to be important because she saw no signs of coercion, would have added nothing of import to other evidence of the victim's vacillating behavior, such as the stop for ice cream after the first alleged rape. The defendant does not explain what exculpatory testimony the Boston police officer who transported the victim to a Greyhound bus station after the police had intervened would have provided. Similarly, the defendant does not detail what exculpatory evidence trial counsel failed to secure or what, if anything, a visit to the crime scene would have revealed. Moreover, there is no basis in the record for us to determine whether, as the defendant claims, hospital records would have contradicted a police officer who testified that she observed bruises on the victim's arm.

The defendant's claim that trial counsel did not explore "potential defenses" and discuss these with the defendant is

belied by the record. It is apparent that the defendant's best chances for acquittal lay in his assertion that the victim consented. This was the strategy taken by defense counsel, and it was a reasonable one. The alleged inconsistencies between the victim's trial testimony and her testimony at the probable cause hearing and before the grand jury — these formed the basis of the defendant's claims that counsel should have drawn attention to the inconsistencies, and should have called, as witnesses for the defense, two attorneys who had then been representing the defendant[2] — were not so pronounced as to give rise to a substantial risk of a miscarriage of justice. The alleged inconsistencies concerned, for example, whether or not there had been a discussion between the victim and the defendant regarding the time he would drive her back to her home in Connecticut. Another concerned the degree to which the victim looked around the apartment in which the defendant had raped her. These were not the sorts of inconsistencies which, if brought to the jury's attention, would have made an impact on the jury's deliberations, particularly when three years had passed between the incident and the trial.

Trial counsel's failure to be present when the jury asked a question of the trial judge is not significant because his associate *was* present. The defendant does not explain how his defense was impaired by lead counsel's absence.

Counsel was not remiss in not objecting to the trial judge's effort to induce a guilty plea. That the trial judge may have indicated before trial that he was willing to sentence the defendant to a lesser prison term than the one to which he ultimately sentenced the defendant after trial does not, standing alone, give rise to a claim of vindictiveness, or, by extension, ineffective assistance. See *Commonwealth* v. *Ravenell*, 415 Mass. 191, 194-195 (1993); *Commonwealth* v. *Johnson*, 27 Mass. App. Ct. 746, 750-751 (1989).

---

[2]The defendant insists that the two attorneys would have been critical witnesses because of the absence of a transcript of the probable cause hearing. But while the attorneys might have been able to provide insight to trial counsel concerning whether the victim was testifying in a manner inconsistent with how she had testified at the probable cause hearing, it is unlikely the attorneys themselves would have been permitted to testify as to the victim's statements, given the collateral nature of the alleged inconsistencies. See Liacos, Massachusetts Evidence, §§ 6.7.1-6.7.2 (7th ed. 1999), and cases cited.

As to another claim, defense counsel never unequivocally promised to call the defendant's prior attorneys as witnesses. He stated merely that he was prepared to do so *"if need be"* (emphasis supplied). As to still another, because there was no showing of ineffective assistance by the trial counsel, appellate counsel was not remiss for failing to raise the issue in the appeal.

Lastly, the motion judge did not err in deciding the consolidated new trial motion without conducting an evidentiary hearing. The rule, Mass.R.Crim.P. 30(c)(3), 378 Mass. 901 (1979), expressly empowers a judge to "rule on the issue or issues presented by [a] motion [for a new trial] on the basis of the facts alleged in the affidavits without further hearing if no substantial issue is raised by the motion or affidavits." Absent extraordinary circumstances, appellate courts defer to the discretion of the trial judge on the question of whether or not an evidentiary hearing is required in any particular case. See *Commonwealth* v. *Licata*, 412 Mass. 654, 660 (1992).

*Order denying motion for new trial affirmed.*