Rutberg, J.
The issues presented by these cases are virtually identical; and, although these matters were not joined formally, they were argued together and *85 we deem them as having been joined. Dist./Mun. Cts. R. A D. A, Rule 2(b).
Plaintiff-appellant [hereinafter “plaintiff’] had been engaged in the practice of law, and his former firm represented each defendant-appellee in their respective attempts to obtain workers’ compensation benefits pursuant to G.L.c. 149. The actions which underlie these appeals arose from claims for unpaid litigation expenses allegedly advanced by plaintiff’s former firm.[1] Plaintiff’s case against defendant Elizabeth Dunn was scheduled for trial in the Westborough Division on February 28, 2002; and apparently,[2] after some preliminary matters were dealt with, the trial judge allowed the defendant a continuance to retain counsel. Both of these cases, along with another commenced by plaintiff asserting a similar claim against an unrelated defendant, were tried seriatim on March 26,2002, after which the trial judge made written findings and ordered that judgment be entered for each defendant.
Thereafter, plaintiff filed post-trial motions requesting a new trial and relief from judgment pursuant to Mass. R. Civ. R, Rules 59 and 60 respectively, along with a motion requesting the trial judge to recuse himself from hearing the motions (other than that for recusal) and any subsequent proceedings. All of these motions (including that for recusal) were denied by the trial judge, and defendant filed these appeals electing to prosecute them pursuant to Rule 8C. The only issue which plaintiff briefed is his claim that the trial judge demonstrated improper bias toward the plaintiff himself and his causes; therefore, that is the only issue which is ripe for consideration. Dist./Mun. Cts. R. A. D. A, Rule 16(a) (4).
Plaintiff first raised his claim of bias in his omnibus post-trial motion. It is settled law that a party must request recusal as soon as it becomes aware of the facts which form the basis of its claim of disqualification. Rosenberg v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 976 F. Supp. 84 (D. Mass. 1997). Recusal motions filed after the conclusion of the case are presumptively untimely absent a showing of good cause. See Demoulas v. Demoulas Super Markets, Inc., 428 Mass. 543 (1998). “The law is well settled that one seeking disqualification of the judge must do so at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification.” United States v. Kelly, 519 F. Supp. 1029 (D. Mass. 1981).
Plaintiff’s brief catalogues a series of acts of the trial judge which, when taken together, allegedly constitute “disqualifying bias.” The first two of these acts occurred before either trial began and the third appears to have occurred before any evidence was actually taken in plaintiff’s case against Jannette Robinson, yet plaintiff’s counsel commenced both trials without making any request for the trial judge to recuse himself at a time when recusal would not have caused the prejudice and inconvenience attendant with post-trial discharge of the trial judge.
Plaintiff also cites adverse evidentiary rulings to support his claim of bias; however, his appellate counsel was unable to point to any material evidentiary ruling which was incorrect or, if discretionary, constituted an abuse of discretion. Rather, plaintiff largely bases this claim on his allegation that the trial judge’s strict application of the best evidence rule in the Robinson case must have been grounded in *86 bias. It must be noted that plaintiff does not allege that the trial judge applied the best evidence rule in a less strict manner with respect to evidence offered by either defendant. Plaintiffs naivety regarding the rules of evidence is further demonstrated by an assertion in his brief in the Robinson case where he states:
Particularly indicative of the judge’s growing bias against Ellis during the course of these proceedings is the contrast between this case and the related matter of Ellis v. Dunn, which was tried first. In Dunn’s trial, there were few objections to evidence, and most of the same testimony and exhibits that were rejected in this case were allowed to come in with little dispute. Brief of Appellant, pp. 15-16.
It is elementary Hornbook law that unless objected to, proffered evidence is admitted. Indeed, the trial judge’s probity might be properly questioned if he had disallowed proffered evidence which had not been objected to. O’Kane v. Travelers Insurance Co., 337 Mass. 182 (1958). The fact that the same defense counsel did not object to similar evidence in one trial, but chose to object in the other trial is beyond control of the judge.
Plaintiff further claims that the trial judge demonstrated his bias by refusing “to enforce a judgment obtained by [plaintiff] and his brother ... against a former client, Michelle Adams.” This alleged act of the trial judge occurred over seven months after the trial judge issued his findings in these cases. Moreover, plaintiff presented nothing in the record before us to substantiate this claim save the allegations contained in his brief.[3] Therefore, it is impossible to even consider this most tenuous assertion of bias.
Finally, plaintiff claims that at the close of the trial against defendant Elizabeth Dunn, the trial judge invited defendant’s counsel to file an amended answer alleging that defendant had received a discharge in bankruptcy. The trial judge’s comment came in response to plaintiff’s motion to strike file defense of discharge in bankruptcy, which was ultimately denied while defendant’s motion to amend was allowed. Without considering whether the judge’s invitation to amend could be construed to show bias, we note that Rule 15(b) provides: “When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.” [emphasis added] Thus, it is likely that the trial judge was obligated to treat the matter as if a motion to conform the pleadings to the proof had been made by Ms. Dunn’s counsel. We also observe that the judge did decide the case without ever reaching the issue of Ms. Dunn’s discharge in bankruptcy.
Regarding the timeliness of plaintiff’s request for recusal, we find that the plaintiff failed to sustain his burden to show the necessary extenuating circumstances to allow us to excuse him for his failure to move for disqualification at the time he believed that trial judge demonstrated the putative bias. United States v. Kelly, supra.
The record is bereft of evidence of bias which would require the trial judge to recuse himself. The trial judge simply found that the plaintiff did not present evidence to sustain his claim that either defendant had an obligation to plaintiff’s former law firm; simply put, plaintiff did not prove his case. The trial judge chose not to credit plaintiff’s own testimony on several matters in light of plaintiff’s criminal record. This decision on credibility is within the trial judge’s discretion, and it is clearly not an abuse of that discretion.
*87 A judge is not required to honor every allegation of bias or partiality raised by a party. Commonwealth v. Fogarty, 406 Mass. 103 (1989); Harris v. Trustees of State Colleges, 405 Mass. 515 (1989). Recusal is left to the sound discretion of the judge to whom the request is made. Id. ‘To rise to the level of requiring disqualification, the bias or prejudice must spring from an extrajudicial source, and not from matters learned from participation in the case.” Commonwealth v. Fogarty, supra at 111. Plaintiff has not presented any evidence which could tend to show that the source of the trial judge’s alleged bias was extrajudicial. To the contrary, whatever distaste the trial judge may have acquired for plaintiffs claims appears to have developed during the prosecution of these matters.
The order of the trial court denying plaintiff appellant s motion for recusal is affirmed.

 Plaintiff claims that the firm’s claims for these expenses had been assigned to plaintiff after his license to practice law was revoked by the Supreme Judicial Court; however, there is no documentary evidence of this assignment in the record of this appeal.

 While Rule 8C(a) requires a “transcript of the electronic or stenographic recording of the proceedings ...”, Rule 18(a) provides that the appendix to the appellant’s brief contain “the transcript or relevant portions thereof.” Plaintiff has chosen to include only portions of the proceedings in his appendix; therefore, it is not entirely clear as to exactly what transpired on February 28, 2002 as well as what occurred on March 26, 2002.

 Plaintiff unsuccessfully sought leave to supplement the appendix to include a transcript of these proceedings; however, plaintiff’s motion was not accompanied by an affidavit or other supporting documentation specifically describing the bias indicated in his brief.