NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-943

COMMONWEALTH

vs.

DAVID MAGRAW.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from an order denying his second motion for a new trial. This appeal follows a procedural history spanning three decades. In 1994, a jury convicted the defendant of murder in the first degree of his wife. The Supreme Judicial Court reversed and ordered a new trial. See Commonwealth v. Magraw, 426 Mass. 589 (1998) (Magraw I). Another jury found the defendant guilty of murder in the second degree, and the Appeals Court affirmed in an unpublished memorandum and order. See Commonwealth v. Magraw, 58 Mass. App. Ct. 1112 (2003) (Magraw II). The Supreme Judicial Court thereafter denied further appellate review. See Commonwealth v. Magraw, 440 Mass. 1107 (2003). In 2007, a Superior Court judge denied the defendant's first motion for a new trial. The Appeals Court affirmed the denial in an unpublished memorandum

and order.  See Commonwealth v. Magraw, 73 Mass. App. Ct. 1102 (2008) (Magraw III).  The Supreme Judicial Court denied further appellate review.  See Commonwealth v. Magraw, 452 Mass. 1110 (2008).  The Federal courts have denied habeas corpus relief. See Magraw v. Roden, 743 F.3d 1 (1st Cir.), cert. denied, 572 U.S. 1156 (2014).  On September 6, 2022, a Superior Court judge denied the defendant's second motion for a new trial.

Concluding that the defendant's arguments were either (1) raised during his previous appeals or (2) could have been raised during previous appeals, and absent a showing of a substantial risk of a miscarriage of justice arising from the claims of error, we discern no error or abuse of discretion in the judge's denial of his second motion for a new trial.  We separately discern no abuse of discretion in the denial of these claims without an evidentiary hearing.  Accordingly, we affirm.

Discussion.  1.  Direct estoppel.  "We review a decision on a motion for a new trial for an abuse of discretion, meaning we consider whether the motion judge's decision resulted from 'a clear error of judgment in weighing the factors relevant to the decision such that the decision falls outside the range of reasonable alternatives.'"  Commonwealth v. Jacobs, 488 Mass. 597, 600 (2021), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).  "A judge's authority to grant a new trial pursuant to Mass. R. Crim. P. 30 (b), [as appearing in 435 Mass.

2

1501 (2001)], while broad, is limited by principles of direct estoppel." Commonwealth v. Watkins (No. 1), 486 Mass. 801, 806 (2021), quoting Commonwealth v. Sanchez, 485 Mass. 491, 498 (2020). "In general, a defendant is directly estopped from obtaining review of a claim where the Commonwealth demonstrates that the issue was 'already litigated and determined . . ., that such determination was essential to the . . . conviction, and that the defendant had an opportunity to obtain review of the determination.'" Commonwealth v. Arias, 488 Mass. 1004, 1006 (2021), quoting Watkins (No. 1), supra. See Commonwealth v. Rodriguez, 443 Mass. 707, 710-711 (2005).

The defendant contends that Magraw I prohibited the admission of certain evidence, and the Superior Court judge erred by admitting the evidence. This contention fails because the defendant already unsuccessfully raised this claim about the evidence in Magraw II:

> "Upon review of the entire record, including transcripts, we conclude that the judge's evidentiary rulings pertaining to the admissibility of the victim's oral and written statements to others, introduced by the Commonwealth as state of mind evidence, did not constitute an abuse of his broad discretion. We add that the judge was attentive to Magraw I's dictates in all respects, including that he be mindful of limiting the amount of state of mind evidence."

Magraw II, 58 Mass. App. Ct. at 1112. Direct estoppel precludes the defendant from litigating this claim again. See Watkins (No. 1), 486 Mass. at 806. As an alternative argument, the

3

defendant contends that the decision of this court in Magraw II contradicted the prior decision of the Supreme Judicial Court in Magraw I.  The Supreme Judicial Court, however, denied further appellate review of Magraw II.  "Justice would not be well served by permitting the relitigation of the same or similar claims on multiple occasions simply by selecting different procedural vehicles."  Arias, 488 Mass. at 1006.  We discern no error in the denial of this claim.

The defendant next argues that the trial court erred by allowing hearsay evidence regarding the victim's statements.  This argument has also been considered previously in Magraw III, where a panel held that "the statements at issue were not admitted for their truth, but rather as nonhearsay statements reflecting the victim's state of mind."  Magraw III, 73 Mass. App. Ct. at 1102.  See Commonwealth v. Caruso, 476 Mass. 275, 295 n.15 (2017).  Direct estoppel prevents the defendant from relitigating that claim of hearsay here.  See Watkins (No. 1), 486 Mass. at 806.  To the extent that the defendant raises alternative arguments regarding hearsay in the present appeal, we are confident that the issues were sufficiently examined in Magraw III.  The defendant may not merely rephrase his hearsay arguments to elude direct estoppel.  See Arias, 488 Mass. at 1006.

4

The panel in Magraw II also previously considered the defendant's argument that the prosecution unlawfully withheld the deceased's larynx during the trial.  The panel concluded, inter alia, that "the absence of such evidence did not preclude the defendant from presenting his theory of the case to the jury," and "defense counsel was able to cross-examine the Commonwealth's pathologist on his failure to conduct such sampling."  Magraw II, 58 Mass. App. Ct. at 1112.  The defendant is estopped from raising the claim here.  See Watkins (No. 1), 486 Mass. at 806.  See also Arias, 488 Mass. at 1006.

2.  Additional arguments.  The defendant's remaining arguments pertaining to trial errors could have been raised in prior appeals, but were not.  "'[A] motion for a new trial may not be used as a vehicle to compel a trial judge to review and reconsider questions of law' on which a defendant has had his day in an appellate court, or forgone that opportunity."  Fogarty v. Commonwealth, 406 Mass. 103, 107 (1989), quoting Commonwealth v. McLaughlin, 364 Mass. 211, 229 (1973).  The defendant's remaining arguments are predicated on issues of fact and law that were available to the defendant at the time of his direct appeal.  Having failed to raise them at that time, the defendant may not make those arguments now.  See Fogarty, supra.  In any event, no showing of any substantial risk of a miscarriage of justice has been made by the defendant.  See

5

Watkins (No. 1), 486 Mass. at 805 n.7.  We discern no error by the motion judge in denying these claims.

3.  Absence of evidentiary hearing.  Finally, we discern no abuse of discretion from the absence of an evidentiary hearing on the second motion for a new trial.  "On a motion for a new trial, the judge may rule on the motion 'on the basis of the facts alleged in the affidavits without further hearing if no substantial issue is raised by the motion or affidavits.'"  Commonwealth v. Goodreau, 442 Mass. 341, 348 (2004), quoting Mass. R. Crim. P. 30 (c) (3), 378 Mass. 900 (1979).  In support of his second motion for a new trial, the defendant filed his own affidavit.  The judge did not credit the defendant's assertions in the affidavit and noted, inter alia, the absence of any affidavit from his attorneys.  Because the judge did not credit these allegations and the defendant did not provide additional support, the defendant failed to raise a substantial issue that merited an evidentiary hearing.  See Commonwealth v. Cook, 438 Mass. 766, 774 (2003) (evidentiary hearing not required where judge "discredited the defendant's contentions

6

stated in his affidavits").  As such, we discern no abuse of discretion by the motion judge.[1]

Order entered September 6, 2022, denying second motion for a new trial, affirmed.

By the Court (Green, C.J., Ditkoff & Hodgens, JJ.[2]),

*Joseph F. Stanton*

Clerk

Entered:   September 25, 2023.

---

[1] The new double jeopardy argument raised in the defendant's reply brief is not properly before us.  See Mass. R. A. P. 16 (c), as appearing in 481 Mass. 1628 (2019) ("No new issues shall be raised in the reply brief").
[2] The panelists are listed in order of seniority.

7