## COMMONWEALTH vs. ROBERT E. STEWART.

Middlesex. December 2, 1980. — April 1, 1981.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, WILKINS, & ABRAMS, JJ.

*Practice, Criminal,* New trial, Discovery.

An affidavit filed in support of a defendant's motion for a new trial, in which the affiant stated that the Commonwealth's chief witness had told him that he lied when he implicated the defendant in the crime and when he denied he had been promised rewards or inducements in exchange for his testimony, taken together with circumstantial evidence of the favorable treatment the witness received from the Commonwealth subsequent to his testimony against the defendant, did not, in the circumstances, raise a substantial issue requiring an evidentiary hearing under Mass. R. Crim. P. 30. [257-260]

There was no error in the denial of a defendant's posttrial motion to discover the results of polygraph examinations administered to the Commonwealth's chief witness where the defendant had been made aware of the examinations prior to his trial and had made no effort to discover the results. [260]

There was no error in the denial of a defendant's posttrial motion for a polygraph examination of himself based on an allegation that the Commonwealth's chief witness had perjured himself as to promises or inducements made to him by the Commonwealth. [260-261]

MOTION for a new trial filed in the Superior Court Department on November 15, 1978.

The proceeding was heard by *Rutledge,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*Peter G. DeGelleke* for the defendant.

*Robert M. Raciti,* Assistant District Attorney, for the Commonwealth.

ABRAMS, J. The defendant appeals from the denial of his motion for a new trial. Mass. R. Crim. P. 30, 378 Mass. 900

(1979).[1] At issue is whether the defendant's motion raised a substantial issue requiring an evidentiary hearing. In his motion for a new trial, the defendant asserted that newly discovered evidence indicates the Commonwealth knowingly allowed its key witness to testify falsely that there had been no promises or inducements made to him by the government in exchange for his testimony in this case. The defendant claims that the motion judge's failure to grant him an evidentiary hearing on his motion was a denial of his due process rights and an abuse of the judge's discretion under rule 30. We affirm the denial of the motion.[2]

Following a jury trial in November, 1974, the defendant was convicted of murder in the second degree (the Sherter murder) and of armed assault in a dwelling house. We affirmed the convictions. See *Commonwealth* v. *Stewart*, 375 Mass. 380 (1978).

On his motion for a new trial, the defendant filed an affidavit from one Paul Hurley, who stated that Goldman, the chief witness against Stewart at the trial, told him that he (Goldman) lied when he implicated the defendant in the Sherter murder, and that he did so because a State police of-

---

[1] The rules of criminal procedure were adopted by this court on October 19, 1978, and became effective on July 1, 1979. The defendant's motion was filed between those two dates, but the final hearing on the motion and the order denying the motion came after the rules became effective. The motion was argued and decided on the basis of Mass. R. Crim. P. 30, 378 Mass. 900 (1979).

[2] In addition to the motion for a new trial, the defendant moved to discover (1) all communications between the key prosecution witness Lawrence Goldman and the Middlesex County or Barnstable County district attorneys' offices and the Newton police or Massachusetts State police; (2) the names and addresses of all persons in those offices who communicated with Goldman; (3) internal notes or memoranda from the Middlesex County district attorney's office concerning the prosecution or nonprosecution of Goldman; (4) any communication between the Middlesex County district attorney's office or State police and the United States Bureau of Prisons or the United States Board of Parole concerning Goldman; and (5) the results of polygraph examinations given to Goldman by the district attorney's office or State police. Motions for the appointment of a court stenographer to record depositions and for a polygraph examination to be administered to the defendant were also filed.

ficer by the name of Flynn had told him that he would not be prosecuted for the murder or on several other pending indictments if he testified against Stewart. The affidavit also stated that Goldman said the police promised him help in obtaining parole from a Federal sentence and told him to deny that any promises or deals had been made.[3]

On his motion for a new trial, the defendant claims that the Hurley affidavit, together with favorable treatment Goldman received from the Commonwealth subsequent to his testimony against the defendant,[4] indicates that Goldman lied when he denied he had been promised rewards or inducements in exchange for his testimony and when he testified that the defendant had been involved in the Sherter murder.

Following a hearing on the motions, the judge denied those portions of the discovery motions that sought production of the results of Goldman's polygraph examinations, and appointment of a court stenographer to enable the defendant to depose potential witnesses. See note 2, *supra*. The defendant moved for reconsideration of the denials. The Commonwealth filed a motion to decide the case

---

[3] The conversations between Goldman and the affiant Hurley allegedly took place "on the street" in 1975, after Goldman had been paroled from the Federal sentence he was serving at the time of the defendant's trial. Hurley swore to the facts alleged in his affidavit in 1979, at which time he was serving a Federal sentence somewhere in New Hampshire, and at which time it appears that the defendant also was serving a sentence in a New Hampshire prison. Hurley was referred to as a "fellow prisoner" by defense counsel during argument on the defendant's motion for a new trial.

[4] Goldman was never indicted for the Sherter murder, and a complaint, obtained by the defendant's counsel, charging Goldman with the murder was nol prossed by the district attorney. Goldman was never tried on five indictments pending against him. The Commonwealth, in a letter from a Lieutenant Flynn of the State police, recommended Federal parole for Goldman one month after the defendant's trial. Goldman was released on furloughs and, later, paroled without ever having posted a $50,000 double surety bond imposed on pending indictments in the Superior Court in Middlesex County. He confessed to numerous other felonies, but was never prosecuted.

on affidavits, and submitted affidavits from three State police officers (including Lieutenant Flynn), two Newton police officers, and an assistant district attorney, all of whom had interviewed or communicated with Goldman, denying that any deals or promises had been made.

A second hearing was held on November 8, 1979. The Commonwealth produced certain discovery materials, which were taken by the judge to be examined in camera.[5] On January 28, 1980, the judge issued a memorandum and order allowing the Commonwealth's motion to decide the case on affidavits and denying the defendant's motion for a new trial.[6] We granted direct appellate review[7] to deter-

---

[5] These materials consisted of transcripts of Goldman's statements to the police regarding the Sherter murder, as well as a number of other crimes. These transcripts show that Goldman was told more than once that no deals or promises were being made. He stated that he understood this, but wanted to give the information. Also submitted were several internal memoranda from the Middlesex County district attorney's office and a State police intra-office memorandum. There does not appear to be any evidence of promise or inducement.

[6] The Commonwealth was also relieved of the duty of complying with certain provisions of a previous discovery motion. The defendant's motions for reconsideration of discovery matters and production of Goldman's polygraph test results were denied, as well as the defendant's motion to take a polygraph examination.

[7] The appeal is not properly before us. The defendant filed his pro se motion about five months after his murder conviction had been affirmed by this court, which reviewed the case under G. L. c. 278, § 33E. *Commonwealth* v. *Stewart*, 375 Mass. 380 (1978). The rescript was filed in the Superior Court on June 16, 1978. General Laws c. 278, § 33E, requires that no appeal will lie from the denial of a motion for a new trial filed after rescript in capital cases "unless the appeal is allowed by a single justice of the supreme judicial court on the ground that it presents a new and substantial question which ought to be determined by [an appellate] court." G. L. c. 278, § 33E, as appearing in St. 1979, c. 346, § 2. See *Commonwealth* v. *Harrington*, 379 Mass. 446, 448 (1980); *Commonwealth* v. *Leate*, 361 Mass. 347 (1972). No single justice has allowed this appeal to proceed. The Commonwealth, in its brief, has assumed that the approval of the single justice would be functionally equivalent to the procedure under Mass. R. A. P. 11 (f), 365 Mass. 854 (1974), followed here, whereby direct appellate review was granted on the approval of two Justices of this court. We review the appeal on the ground that the Commonwealth has not objected to our consideration of the issues.

mine if the motion for a new trial was correctly denied without an evidentiary hearing. Mass. R. Crim. P. 30 (c) (3), 378 Mass. 901 (1979). On the basis of the record before us,[8] we conclude that there was no error or abuse of discretion in the judge's rulings on the discovery motions, the motion to decide the case on the basis of affidavits, or the defendant's motion for a new trial because no substantial issue was raised.

A new trial may be granted under Mass. R. Crim. P. 30 (b), 378 Mass. 900 (1979), "if it appears that justice may not have been done." The judge may decide the motion on the basis of affidavits without further hearing, "if no substantial issue is raised by the motion or affidavits." Mass. R. Crim. P. 30 (c) (3), 378 Mass. 901 (1979). The decision on a motion for a new trial, as well as the decision whether to decide the motion on the basis of affidavits or to hear oral testimony, is left largely to the sound discretion of the judge. *Commonwealth* v. *Cook*, 380 Mass. 314, 320 (1980). *Commonwealth* v. *Heffernan*, 350 Mass. 48, 53-54, cert. denied, 384 U.S. 960 (1966). "If however the original trial was infected with prejudicial constitutional error the judge has no discretion to deny a new trial." *Earl* v. *Commonwealth*, 356 Mass. 181, 184 (1969).

The defendant argues that his newly discovered evidence raises the "substantial issue" of whether the Commonwealth knowingly allowed its witness to perjure himself. If so, he is entitled to an evidentiary hearing. In determining whether a "substantial issue" meriting an evidentiary hearing under rule 30 has been raised, we look not only at the seriousness of the issue asserted, but also to the adequacy of the defend-

---

[8] Following a hearing before a single justice, the Commonwealth assented to a motion by the defendant to expand the record. Added to the record were the transcript of the testimony of a former State police officer at an unrelated trial concerning communications with Goldman, an affidavit from that officer swearing that he had made no promises to Goldman, and a letter from Lieutenant Flynn to the United States Board of Parole on behalf of Goldman.

ant's showing on the issue raised. We examine the affidavit in light of these standards.

The Hurley affidavit is hearsay, and, at its best, therefore is admissible solely for its impeachment value. It is "one step removed from an affidavit of recantation," *Tomley* v. *United States*, 260 F.2d 468, 469 (5th Cir. 1958), and bears no indicia of reliability sufficient to bring it within any exception to the hearsay rule. Even in those circumstances where third-party testimony has been held admissible, such as the statements which are "truly against the declarant's penal interest," see *Commonwealth* v. *Carr*, 373 Mass. 617, 624 (1977), we have required corroborating circumstances or other indicia of trustworthiness. *Id.* at 623-624. The Hurley affidavit does not meet these threshold requirements. Thus, the Hurley affidavit, by itself, is insufficient to trigger the need for an evidentiary hearing.

The issue is whether the circumstantial evidence of Goldman's treatment after trial,[9] coupled with the Hurley affidavit, is adequate to require an evidentiary hearing. The defendant points to the fact that Goldman was not indicted for the Sherter murder, and that five other indictments are still pending. The fact that Goldman had not been indicted for the Sherter murder was fully explored at Stewart's trial.[10] The untried indictments were pending at the time of trial and could have been brought to the jury's attention. *Commonwealth* v. *Hogan*, 379 Mass. 190, 192 (1979) ("If, due to pending criminal charges, the possibility of wit-

---

[9] After Stewart was convicted his counsel obtained a complaint against Goldman for the Sherter murder, and the complaint was nol prossed by the district attorney. "A district attorney has wide discretion in determining whether to prosecute an individual, just as he has wide discretion in determining whether to discontinue a prosecution once commenced." *Manning* v. *Municipal Court of the Roxbury Dist.*, 372 Mass. 315, 318 (1977). The defendant also knew Goldman was not indicted for the Sherter murder prior to his trial, and did not seek the complaint at that time. Thus this fact is not newly discovered.

[10] At Stewart's trial, his counsel argued to the jury that Goldman might expect favorable treatment as a result of his testimony, even though it had not been promised.

ness bias is present . . . a defendant is entitled to inquire on the subject"). Hence those facts do not support the defendant's claim that his motion is supported by newly discovered evidence.

The only evidence before us that was not before the motion judge, see note 8, *supra*, is a letter written to the United States Parole Board by Lieutenant Flynn of the State police one month after the defendant's trial recommending parole for Goldman, the transcript of testimony of another officer at an unrelated trial saying he had used Goldman as an informant and he "spoke for" Goldman when he was arrested, and an affidavit from that officer stating that no "promises" were made to Goldman by the officer. When viewed in the light of the other affidavits and evidence submitted by the Commonwealth, this showing does not require an evidentiary hearing. See *supra* at 258.

The motion judge, after considering the impeachment value of the Hurley affidavit, the facts concerning Goldman's treatment following his testimony, the six affidavits submitted by the Commonwealth, and the memoranda and statements submitted for in camera inspection, denied the motion. He concluded that no substantial issue was raised that warranted an evidentiary hearing.

We find nothing in the affidavits or circumstantial evidence, taken alone or together, to warrant disturbing this finding. "Whether or not a substantial issue is presented must . . . be determined on the [face] of the motion and affidavit and the court [is] fully warranted in dismissing a motion . . . as to which the factual allegations are 'obscure' or 'impressionistic and conclusory.' [*Sayles* v. *Commonwealth*, 373 Mass. 856 (1977). *Commonwealth* v. *Coyne*, 372 Mass. 599, 601 (1977).]" Mass. R. Crim. P. 30, Reporters' Notes, Mass. Ann. Laws, Rules of Crim. Procedure, at 485 (1979). There is no constitutional error in deciding the motion for a new trial on affidavits. "The constitutional guaranty of due process does not guarantee to a citizen of a State any particular method of procedure or form of tribunal in civil or criminal cases. A State may provide such procedure

as it may determine if it has jurisdiction and provides for due notice of the charge and adequate opportunity to be heard in defence of it." *Commonwealth* v. *Coggins,* 324 Mass. 552, 557, cert. denied, 338 U.S. 881 (1949), quoting from *Commonwealth* v. *Millen,* 289 Mass. 441, 486, cert. denied, 295 U.S. 765 (1935). "It is settled in this Commonwealth that at a hearing on such a motion the judge . . . may receive oral testimony, affidavits, or both. . . . 'A party has no right to insist that oral evidence be heard upon a motion. He may be required to present the evidence upon affidavits alone.'" *Commonwealth* v. *Coggins, supra* at 556-557, quoting from *Commonwealth* v. *Millen,* 290 Mass. 406, 410, cert. denied, 295 U.S. 765 (1935). "The primary purpose of [rule 30 (c) (3)] is to encourage the disposition of post conviction motions upon affidavit." Mass. R. Crim. P. 30, Reporters' Notes, Mass. Ann. Laws, Rules of Crim. Procedure, at 484 (1979). We add that where a substantial issue is raised and is supported by a substantial evidentiary showing, the judge should hold an evidentiary hearing.

*Motion for discovery of polygraph results.* There was no error in the denial of the defendant's motion to discover the results of polygraph examinations administered to the witness Goldman. The results of such examinations cannot be considered newly discovered evidence. The defendant was made aware at a pretrial hearing that the witness had taken a polygraph examination. There is no showing that the defendant made any effort to discover the results before or during his trial. "It is well settled that counsel may not reserve for a motion for a new trial any question or matter that could have been brought forward at the trial." *Commonwealth* v. *White,* 323 Mass. 323, 325 (1948). See *Commonwealth* v. *Doyle,* 323 Mass. 633, 638 (1949); *Commonwealth* v. *Millen,* 290 Mass. 406, 408, cert. denied, 295 U.S. 765 (1935).

*Motion for polygraph examination of defendant.* The defendant failed to follow the procedure required if the results of his polygraph examination were to be admitted at his trial. See *Commonwealth* v. *Stewart,* 375 Mass. 380,

383-385 (1978). See also *Commonwealth* v. *A Juvenile*, 365 Mass. 421 (1974); *Commonwealth* v. *Vitello*, 376 Mass. 426 (1978). Assuming, without deciding, that a defendant may await the outcome of his trial and then move for a polygraph examination, the judge could conclude that the relationship between the defendant's credibility and the allegation that Goldman perjured himself as to promises or inducements made to him by the Commonwealth was too tenuous to warrant allowance of the motion for a posttrial polygraph examination.

*Other discovery motions.* Rule 30 (c) (4) of the Massachusetts Rules of Criminal Procedure allows the judge to "authorize such discovery as is deemed appropriate." Thus, the extent of discovery allowed is properly left to the judge's discretion. The judge heard argument and received memoranda on the discovery motions. He allowed several motions, examined some materials in camera, and denied other motions. We find no error or abuse of discretion.

The order denying the defendant's motion for a new trial is affirmed.

*So ordered.*