COMMONWEALTH *vs.* JOHN ANTHONY GUERRIERO. November 5, 1982. The defendant was convicted of murder in the second degree on an indictment charging murder in the first degree. We shall discuss his three contentions separately and will affirm.

1. There was no error in the denial of the defendant's motion for a required finding of not guilty based on his claim that there was no evidence which would warrant a finding that he acted with malice aforethought. There was testimony from three Commonwealth witnesses, only one of whom identified the defendant, from which the jury could have found that following an argument with the victim, the defendant walked away a short distance, reached down to his ankle and grasped a concealed gun. He then turned and moved toward the victim and shot him at close range. The time frame in which the incident took place was one and one-half to two minutes. From this evidence the jury could have inferred that the defendant fired at the victim intending to kill and thus acted with malice. See *Commonwealth* v. *Greene*, 372 Mass. 517, 522 (1977).

2. The defendant asserts that the admission of a photograph of the body of the deceased was unduly prejudicial because of its inflammatory nature. We fail to see anything about the photo which was inflammatory. Moreover, the determination whether it had evidential value and its admission in evidence were well within the discretion of the trial judge. See *Commonwealth* v. *Stewart*, 375 Mass. 380, 385 (1978).

3. The defendant moved for a new trial based on a claim of ineffective assistance of counsel in that at trial his counsel requested the jury be instructed on self-defense, which he claims was inconsistent with the sole position taken at trial, that of mistaken identity. The evidence warranted an instruction on self-defense. In requesting that the trial judge instruct the jury on that theory, counsel was preserving the possibility of acquittal,

though remote, based on self-defense or the possibility of a verdict of guilty only of manslaughter. The jury were not aware of counsel's request for the charge and, as his argument to them was limited to the matter of mistaken identity, they were thus unaware of any possible inconsistency. Counsel's strategy was legitimate. See *Commonwealth* v. *Walden*, 380 Mass. 724, 726 (1980). Had counsel not requested an instruction on self-defense, we suppose it would have been argued on appeal that the failure to do so constituted ineffective assistance of counsel. Our reading of the transcript leaves us with the view that the defendant was well represented at trial and affords us no reason to second guess counsel's trial strategy. *Commonwealth* v. *Saferian*, 366 Mass. 89, 96-97 (1974).

> *Order denying motion for new trial affirmed.*

> *Judgment affirmed.*

*M. Frederick Pritzker* for the defendant.

*Susan C. Mormino*, Assistant District Attorney, for the Commonwealth.