COMMONWEALTH vs. JOHN ANTHONY GUERRIERO. September 27, 1984.
*Practice, Criminal,* New trial.

By opinion at 14 Mass. App. Ct. 1012 (1982), we affirmed Guerriero's
conviction of murder in the second degree and the order denying his first
motion for a new trial. This is his appeal from the denial of his second
motion for a new trial. Mass.R.Crim.P. 30, 378 Mass. 900 (1979). At
issue is whether Guerriero's motion raised a substantial issue which required
an evidentiary hearing. The judge who presided at the trial denied the motion
without such a hearing with an endorsement which stated in relevant part
that "[t]he court disbelieves the affidavits submitted."

Guerriero submitted no affidavit of his own and grounded his motion
on the affidavit of one Charles Ronald Franks. (A second affidavit of one
Maureen Mercer in support of the motion has been abandoned, see *Common-
wealth* v. *Schnopps,* 383 Mass. 178 n.1 [1981].) Franks had been jointly
indicted with Guerriero for the victim's murder, but the indictment against
Franks had been nol prossed by the Commonwealth prior to trial. Guerriero
was identified at trial as the assailant by one Lisa Keyworth, who also
testified that Franks had been at the scene of the shooting. Franks' affidavit
stated that he did not know Keyworth, that he had not been at the scene of
the shooting as she claimed, and that he had, at the critical time, been at
his mother's house in Burlington. Franks' affidavit also asserted that he
had desired to testify to these facts at Guerriero's trial to impeach Keyworth's
testimony but that he had been coerced and misled by the deliberate actions
of a State police officer and Guerriero's trial counsel into claiming his
privilege against self-incrimination. As a result of this alleged misconduct,
it is claimed that Guerriero had been deprived of Franks' testimony on a
material issue.

The standards for deciding motions of this type are set forth in *Common-
wealth* v. *Stewart,* 383 Mass. 253 (1981). The decision whether to hear
oral testimony on the motion is left to the judge's sound discretion. *Id.* at
257. In deciding whether an evidentiary hearing is required, "we look not
only at the seriousness of the issue asserted, but also to the adequacy of
the defendant's showing on the issue raised." *Id.* at 257-258.

There is no question that the accusations of misconduct by the State
police and by Guerriero's trial counsel are serious. The judge based his
decision not to hold an evidentiary hearing on the inadequacy of Guerriero's
proof, specifically finding that the information furnished by Franks was not
to be believed. The judge was in a good position to gauge Franks' credibility
since he had heard Franks testify at voir dires in connection with a motion
to suppress and on Franks' claim of his privilege against self-incrimination.
In evaluating Franks' credibility, the judge was entitled to make use of the
knowledge acquired at the pretrial hearings and at the trial. *Commonwealth*
v. *Little,* 384 Mass. 262, 269 (1981). Specifically, the judge had the oppor-
tunity to weigh Franks' testimony concerning several material facts asserted
by Franks in his affidavit on the present motion. The judge could have noted

that Keyworth's testimony at trial was, in comparison with Franks,' the more credible because: (1) it had been corroborated, in material aspects, by the testimony of two impartial witnesses; (2) since Franks' claim that he did not know Keyworth left unexplained whether he did not know her at all or merely knew her by another name; and (3) since Franks had admitted that he and Guerriero had been close friends for fifteen years. The judge's decision not to believe Franks' assertions thus was based on the judge's personal observation and evaluation of Franks as a truthful witness in his appearances before him. Such a decision will not be disturbed.

We conclude that the judge committed no abuse of discretion in denying the motion without an evidentiary hearing. See *Commonwealth* v. *Toney,* 385 Mass. 575, 580 (1982).

> *Order denying motion for*
> *new trial affirmed.*

*Barry P. Wilson* for the defendant.
*Patricia A. McEvoy,* Assistant District Attorney, for the Commonwealth.