In October, 2014, a District Court jury found the defendant guilty of resisting arrest.[2] In May, 2016, the defendant filed a motion for new trial, alleging ineffective assistance of counsel. The same judge who presided over the defendant's trial denied his motion, and the defendant appealed. We affirm.
Background. The jury could have found the following facts. On June 21, 2012, two police officers came to the defendant's residence to serve an outstanding arrest warrant on him. The defendant first refused to let the officers into his apartment. Then, when the officers attempted to handcuff him, he started "pulling away" from the officers, and a physical altercation ensued. According to the officers, the defendant was "swinging his arms wildly" toward them and kicked one of them. The officers eventually were able to subdue the defendant by stunning him with a taser, which allowed them to handcuff him and to escort him to the police station.
Discussion. Standard of review. The denial of a motion for new trial is reviewed for an abuse of discretion. Commonwealth v. Ellis, 475 Mass. 459, 476 (2016). Where, as here, the motion judge was also the trial judge, her views are accorded "special deference." Commonwealth v. Sullivan, 469 Mass. 340, 351 (2014).
We review claims of ineffective assistance of counsel under the familiar two-prong Saferian test. Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). First, we examine "whether there has been serious incompetency, inefficiency, or inattention of counsel-behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer." Ibid. Second, we examine whether such behavior "likely deprived the defendant of an otherwise available, substantial ground of defence." Ibid.
In his motion for a new trial and now on appeal, the defendant principally argues that his trial counsel was ineffective in two ways, which we address in turn below.
Self-defense. The defendant argues that his trial counsel failed to develop a self-defense argument based on alleged excessive use of force by the police (the taser). More specifically, the defendant alleges that his trial counsel should have hired an expert witness on electronic weapons, requested a self-defense jury instruction, and objected to a statement in the closing argument regarding police using the "least invasive means" of employing the taser.
The main problem with the defendant's argument is one of timing. The Commonwealth's resisting arrest case was based on the actions the defendant took before the officers used the taser. Even if we were to assume that the police used excessive force by using the taser, this could not have presented a viable defense for the actions the defendant took before then.[3] The failure to assert a defense that would not have succeeded cannot constitute ineffective assistance. See Commonwealth v. Butler, 464 Mass. 706, 719 (2013), quoting from Saferian, supra at 96 ("the decision not to advance a losing argument does not fall 'measurably below that which might be expected from an ordinary fallible lawyer' ").
Failure to display an arrest warrant. The defendant also claims ineffective assistance in counsel's failure to exploit the arresting officers' not showing the defendant a copy of the arrest warrant at the time of the arrest. Specifically, the defendant argues that his trial counsel failed adequately to research two statutes regarding this subject,[4] failed to impeach the arresting officers about their compliance with these statutes, and failed to object to the prosecutor's statement that the arresting officers did not have to show the defendant an arrest warrant. These arguments fail because they are based on an incorrect premise as to what the statutes require. See Commonwealth v. Walker, 370 Mass. 548, 560 (1976) ("The police need not carry arrest warrants around on their persons"). See also Mass.R.Crim.P. 6(c)(3), 378 Mass. 853 (1979) ("The officer need not have the warrant in his possession at the time of the arrest, but upon request he shall show the warrant to the defendant as soon as possible"). Thus, trial counsel's failure to exploit these statutes violated neither Saferian prong.[5]
Evidentiary hearing. The defendant also argues that the judge erred in not granting him an evidentiary hearing on his motion for new trial. However, "[a]n evidentiary hearing is required only where a 'substantial issue' has been raised." Commonwealth v. Chatman, 466 Mass. 327, 334 (2013), quoting from Commonwealth v. Stewart, 383 Mass. 253, 257-258 (1981). For the reasons set forth above, the defendant's motion did not raise a "substantial issue," and the judge therefore did not abuse her discretion in denying the motion without providing an evidentiary hearing.
Judgment affirmed.
Order denying motion for new trial affirmed.

The jury also convicted the defendant of assault and battery on a police officer, but the judge issued a not guilty finding notwithstanding the verdict. The propriety of that order is not before us.

Indeed, the expert's affidavit in support of the motion for new trial stated that "the defendant was a level 3 active resistor."

G. L. c. 263, § 1. G. L. c. 276, § 33.

During closing argument, the prosecutor suggested that the jurors listen to their "gut feeling[s]" in assessing the credibility of the witnesses. Although much of the sidebar discussion was inaudible, the defendant acknowledges that his counsel objected to this suggestion (albeit unsuccessfully). In the current collateral appeal, the defendant argues that even though trial counsel objected, she was ineffective in not citing relevant case law to support such an objection. As the Commonwealth points out, it is not clear that defense counsel failed to cite any case law because the relevant sidebar colloquy was partly inaudible. In addition, whether the particular case on which the defendant now relies (Commonwealth v. Jordan, 49 Mass. App. Ct. 802, 817 [2000] ), would have supported the objection is at least arguable. In any event, assuming that defense counsel passed over that case citation in raising her objection, this did not amount to constitutionally ineffective assistance of counsel requiring a retrial.