In 2010, the defendant pleaded guilty to six counts of rape of a child under sixteen years of age, two counts of indecent assault and battery on a child under fourteen years of age, four counts of posing a child under eighteen years of age in a state of nudity, and one count of possession of child pornography. In 2015, the defendant moved to withdraw his guilty pleas. The plea judge denied the motion without a hearing. On appeal, he claims that plea counsel provided ineffective assistance, his guilty pleas were invalid for a variety of reasons, and that the judge should have conducted an evidentiary hearing. We affirm.
1. Plea counsel's conduct. The defendant claims he was denied effective assistance because his attorney failed to investigate and prepare his case prior to trial and failed to protect the defendant when the judge exceeded the agreed-upon sentence. In support of his motion to withdraw his guilty pleas, the defendant presented three items of evidence in support of his ineffectiveness claim: (1) his own affidavit; (2) a police report regarding his confession; and (3) evidence that his plea counsel was disbarred in 2012.
First, the plea judge was not required to credit the defendant's self-serving affidavit. See Commonwealth v. McWilliams, 473 Mass. 606, 621 (2016). In fact, the defendant's affidavit contains many demonstrably false assertions, such as he never had a Portuguese interpreter in court until the plea hearing, and that counsel failed to move to suppress his confession.[2]
The police report similarly produced little benefit, if any, to the defendant's claims. According to the report, the defendant told the police that his criminal behavior was caused by demonic possession. Based on this statement, the defendant argues that counsel should have sought an expert to evaluate the defendant's mental health and moved to suppress the confession. However, counsel did move to suppress the confession, and the defendant denied at the plea hearing that he had ever suffered from any mental health problems. In any event, the defendant failed to supplement his motion with an affidavit from a mental health expert (or any other competent evidence) to support his claim that he has had mental health problems.[3]
In addition, plea counsel's disciplinary report offered nothing to advance the defendant's motion. Plea counsel's disbarment was not related to his representation of the defendant. That counsel had conducted himself unethically in the past does not mean that he provided ineffective assistance in this case. Similarly, the defendant's claim that counsel charged him an excessive fee, unadorned with any support, does not translate into ineffective assistance of counsel. Indeed, the remedy for such misconduct, even when substantiated, is not a new trial. See Commonwealth v. Facella, 42 Mass. App. Ct. 354, 359-360 (1996).
In addition, the defendant's ineffectiveness claim is further defeated by the plea judge, having observed both the defendant and his counsel at the plea hearing, who found that counsel did the best he could for the defendant in difficult circumstances. The evidence of the defendant's guilt was overwhelming, including his confession and supporting photographic proof.
Finally, contrary to the defendant's claim on appeal, there was no agreed-upon sentence, and the sentence the defendant did receive was far less than the Commonwealth's recommended sentence and was tantamount to the judge adopting the sentence defense counsel recommended. Moreover, the plea judge properly advised the defendant pursuant to Mass.R.Crim.P. 12(c)(3)(A), as appearing in 442 Mass. 1511 (2004), of the maximum sentences he faced by pleading guilty. The defendant failed to show "that better work might have accomplished something material for the defense." Commonwealth v. Satterfield, 373 Mass. 109, 115 (1977).
2. Consequences. The defendant also claims his plea was not voluntarily and intelligently made where he failed to understand the consequences of his guilty plea. We disagree. "A plea is voluntary if entered without coercion, duress, or improper inducements." Commonwealth v. Berrios, 447 Mass. 701, 708 (2006), cert. denied, 550 U.S. 907 (2007).
In support, the defendant claims that his plea counsel failed to advise him of the risk of being confined one day to life as a sexually dangerous person.[4] However, considering that the plea judge fully advised him of that risk during the plea colloquy, the claim is futile. Because the defendant chose to plead guilty with that knowledge, he has not and cannot show that he was harmed by counsel's alleged failure to give him the same advice. Cf. Commonwealth v. Roberts, 472 Mass. 355, 364-365 (2015) ("[W]here a judge improperly neglects to inform a defendant of the possibility that his or her conviction could serve as a predicate for civil confinement as a sexually dangerous person, the defendant must demonstrate a reasonable probability that but for the judge's error he or she would not have pleaded guilty ...").[5] The defendant has failed to show that his guilty pleas were not voluntary and intelligent.
3. Evidentiary hearing. "The decision to hold an evidentiary hearing on a motion for a new trial is 'left largely to the sound discretion of the judge.' ... Only when the motion and affidavits raise a 'substantial issue' is an evidentiary hearing required." Commonwealth v. Vaughn, 471 Mass. 398, 404 (2015) (citations omitted). "In determining the adequacy of the defendant's showing, the motion judge may consider whether the motion and affidavits contain credible information of sufficient quality to raise a serious question." Ibid. Given our resolution of the matter, the defendant's motion to withdraw his guilty pleas and the supporting materials do not raise a substantial issue. As such, the judge did not abuse her discretion by not holding an evidentiary hearing. See Commonwealth v. Stewart, 383 Mass. 253, 257-258 (1981) ; Mass.R.Crim.P. 30(c)(3), as appearing in 435 Mass. 1502 (2001).
Order denying motion to withdraw guilty pleas affirmed.

The defendant also claimed in his affidavit in support of his motion to withdraw that plea counsel failed to appeal the denial of his motion to suppress the evidence recovered from his computer. However, the judge expressly informed the defendant that by pleading guilty, he was forgoing his right to appeal the denial of his motion to suppress.

The defendant also claims that plea counsel failed to investigate the medical records of the child victims. However, not only did he fail to produce any such records in support of his motion, but he failed to even allege how such records would have been relevant and necessary to prepare for trial. See Commonwealth v. Jones, 478 Mass. 65, 68-71 (2017).

The defendant's brief claims that the judge made a false promise of deportation to the defendant's native country, which would not be realized if the defendant was later civilly committed as a sexually dangerous person. However, there is no record support for this claim. The defendant's affidavit made no such claim, and the transcript reveals simply that plea counsel believed the defendant would be deported. However, during the colloquy, the judge made no promises, and noted only that if the defendant does not get deported, or if he gets deported and re-enters the country, he will be subject to the sex offender registry law and be required to wear a GPS bracelet.

The defendant also claimed in his affidavit in support of the motion to withdraw that the judge failed to inform him of the requirement that he register as a sex offender. Like several of his other claims, this too is belied by the record.