In 2014, after a jury trial, the defendant was convicted of larceny from a person.[2] In 2015, the defendant's motion for new trial was denied without a hearing. The defendant appeals from his conviction and the denial of his new trial motion. We affirm.
1. The identification procedures. The defendant claims the Commonwealth withheld two facts about the identification procedures: (1) that the police showed the victim his keys before the showup; and (2) that the victim made a tentative identification at the end of the showup. We disagree with both claims as the defendant has failed to offer any evidence in support of the allegations.
It is the defendant's burden to prove that the Commonwealth withheld evidence it was required to disclose. Commonwealth v. Caillot, 454 Mass. 245, 261-262 (2009). As the Commonwealth has argued, the defendant has not provided any affidavits, documents, or other competent evidence of what materials were or were not disclosed to him. Thus, he has not met his burden of proof.[3]
2. Assistance of counsel. The defendant claims that counsel was ineffective for failing to correct the erroneous implication that the defendant had a criminal record. We disagree. First, the photograph at issue did not suggest that the defendant had a criminal record like the booking photograph did in Commonwealth v. Gerald, 356 Mass. 386, 388 (1969), the case upon which the defendant relies. The detective testified that, if the police enter a known suspect's name, "the system generates a series of photographs." There was no dispute that the defendant was already a suspect in this case, and the detective never suggested that a prior arrest was a prerequisite for having a photograph in the system.
Second, even if the testimony did leave the suggested impression, defense counsel did not possess fertile ground for impeachment of the detective's testimony because evidence that the defendant had no prior criminal record would have been irrelevant to any issue in this case, and thus inadmissible. The defendant has cited no authority, and we are aware of none, that would permit a defendant, during trial, to introduce evidence that he does not have a prior criminal record.
Third, defense counsel reasonably chose to address the photograph by asking the judge to give the jury a limiting instruction regarding it, which the judge did both during the relevant testimony, and in the final jury charge. These instructions informed the jurors that the police obtain photographs from many sources for many reasons, and that the jurors were not to infer from the fact that the police had a photograph of the defendant that he had committed any crime. The strategic choice made by defense counsel was by no means manifestly unreasonable, and not below what is expected of an ordinary fallible lawyer. See Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).
The defendant also claims that counsel was ineffective because he did not file a motion to suppress the pretrial identifications and the defendant's statements in a case where the defense was mistaken identification. We disagree.
There was a reasonable tactical justification for not moving to suppress the showup identification. As stated above, counsel's strategy was to show that the defendant had been misidentified. In support of that, counsel used the victim's reported statement at the showup that he did not think the defendant was the robber. Therefore, counsel reasonably could have concluded that moving to suppress the showup would be counterproductive. See Commonwealth v. Duran, 435 Mass. 97, 104 (2001).[4]
The defendant also claims counsel should have moved to suppress the victim's recognition of the defendant's photograph on his identification card, and the victim's later selection of the defendant's photograph from an array because they were tainted by the original showup. Because we have concluded that the showup was not tainted, this claim must fail. In this light, those later identifications need not have been premised on an independent source. See Commonwealth v. Watson, 455 Mass. 246, 254-255 (2009).
Finally, the defendant claims that counsel was ineffective for not moving to suppress the defendant's statements to the police. More specifically, the defendant claims that he was subjected to custodial interrogation-without the benefit of Miranda warnings-in an interior stairwell of 70 Tennis Road. We disagree.
First, putting aside the defendant's exaggeration of how many officers met him in the stairwell, the defendant was not handcuffed at the time of questioning. The questioning took place in a residential building, not a police station. The officers never mentioned the robbery or implied that he was a suspect, and there was no evidence that the officers were hostile or aggressive. Given these circumstances, the factual predicate for a finding of custody was absent, and questioning the defendant without Miranda was permissible. See Commonwealth v. Groome, 435 Mass. 201, 211-212 (2001). A motion to suppress on these grounds would have failed and, thus, counsel was not ineffective for not filing one. See Commonwealth v. Vieux, 41 Mass. App. Ct. 526, 527 (1996) (failure to pursue futile motion not ineffective assistance).[5]
Judgment affirmed.
Order denying motion for new trial affirmed.

The defendant had been indicted for armed robbery, but at the Commonwealth's request, that charge was reduced so the case could be tried in the municipal court.

In any event, the defendant's record appendix, which contains a police report regarding the purportedly withheld evidence, undermines his claim that the Commonwealth failed to disclose that the police showed the victim his keys before the showup. There is no evidence that this report was withheld. Also, the defendant has made no showing that the Commonwealth was aware prior to trial that the victim would testify to making a tentative identification of the defendant at the showup. This is supported by the prosecutor's opening statement, which told the jury that the victim did not identify the defendant at the showup.

We add that the defendant has failed to establish that a motion to suppress the showup would have succeeded. See Commonwealth v. Ly, 454 Mass. 223, 228 (2009). Here, where the victim had been robbed at gunpoint, his assailant had fled with the gun, and the police had not yet found the gun, the prompt showup was justified by a concern for public safety. See Commonwealth v. Austin, 421 Mass. 357, 361-362 (1995). Also, contrary to the defendant's claim, the mere fact that the defendant was handcuffed in the company of two police officers, did not make the showup unnecessarily suggestive. See Commonwealth v. Meas, 467 Mass. 434, 442, cert. denied, 135 S. Ct. 150 (2014). Nor did showing the victim his car keys render the showup unnecessarily suggestive where the officers did not tell the victim where they found his keys. Finally, prior to the showup, a police sergeant cautioned the victim in part in accordance with Commonwealth v. Silva-Santiago, 453 Mass. 782, 797-798 (2009).

Because there was no error in the denial of the motion for new trial, there is no need to address the defendant's cumulative error claim. Similarly, as the defendant's motion failed to raise a substantial issue, the motion judge did not abuse her discretion by denying it without a hearing. See Commonwealth v. Stewart, 383 Mass. 253, 257-258 (1981).