A jury convicted the defendant, Mark Waite, on three indictments charging him with rape ( G. L. c. 265, § 22 [b ] ), and one indictment charging him with indecent assault and battery ( G. L. c. 265, § 13H ). In this appeal, the defendant contends that his trial counsel was prejudicially ineffective for failing to fully impeach the victim with prior inconsistent statements memorialized in medical records, failing to file an O'Dell motion, see Commonwealth v. O'Dell, 392 Mass. 445 (1984), and for shifting the burden to the defense in opening and closing arguments. The defendant also contends that the judge abused his discretion in denying the defendant's motions for a new trial and postconviction discovery. For the reasons below, we affirm.
Discussion. 1. Ineffective assistance of counsel. We examine all ineffective assistance claims to determine if "there has been serious incompetency, inefficiency, or inattention of counsel-behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer-and, if that is found, then, typically, whether it has likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). A strategic decision constitutes ineffective assistance if it was "manifestly unreasonable when made." Commonwealth v. Kolenovic, 471 Mass. 664, 674 (2015), quoting from Commonwealth v. Acevedo, 446 Mass. 435, 442 (2006).
a. Victim's prior inconsistent statements. The defendant first claims that counsel's decision not to confront the victim with her prior inconsistent statements regarding her encounter with the defendant was manifestly unreasonable. We disagree.
When the victim first reported the rapes, police transported her to a hospital. According to notes prepared by a licensed mental health counsellor (counsellor) at the hospital, the victim explained her sexual encounter with the defendant as consensual. At trial, the victim denied that she ever consented, and explained that she gave contradictory statements at the hospital because the experience was overwhelming. On cross-examination, she admitted telling the counsellor that "nothing happened" between her and the defendant. Defense counsel then asked her if she remembered telling the counsellor that the encounter was consensual, and the victim replied that she did not recall. Counsel did not press the issue, but did enter the medical records containing the counsellor's notes in evidence.
Trial counsel's decision not to directly confront the victim with the counsellor's notes or call the counsellor as a rebuttal witness (as the defendant suggests) was not "manifestly unreasonable" because it allowed him to present the inconsistencies to the jury without any undermining explanation from the victim. See Commonwealth v. Hensley, 454 Mass. 721, 741-742 (2009) (although medical records supported defense of lack of requisite mental state for murder in the first degree, counsel was not ineffective for not submitting them to jury when doing so would have revealed damaging facts).
b. O'Dell motion. We are also not persuaded that trial counsel was ineffective for failing to file an O'Dell motion to dismiss the indictment. O'Dell requires the Commonwealth to present exculpatory information in its possession to the grand jury if withholding it would damage "the integrity of the grand jury proceeding" by distorting the information presented. O'Dell, 392 Mass. at 449. This includes information that greatly undermines the credibility of key witnesses. Commonwealth v. Mayfield, 398 Mass. 615, 620-621 (1986). However, there is no indication that the Commonwealth had access to or possession of the medical records containing the victim's contradictory statements when presenting evidence to the grand jury. Therefore, the filing of an O'Dell motion would have been futile. "[C]ounsel was not ineffective in not filing a futile motion to dismiss the indictments." Commonwealth v. Ortiz, 53 Mass. App. Ct. 168, 175 (2001).
c. Burden shifting. Finally, the defendant faults his trial counsel for shifting the burden of proof onto the defense during his opening and closing arguments.
Defense counsel stated several times that he would "prove" both the defendant's innocence and that the victim was lying. However, counsel also properly urged the jury to "listen to the judge's instruction on reasonable doubt," and the judge repeatedly instructed the jury that the burden of proof is always on the Commonwealth. Even if counsel's statements amounted to ineffective assistance, we see no prejudice. "[I]f defense counsel's promise to prove certain facts created any confusion as to who bore the burden of proof, the confusion would have been cured by the judge's instructions after closing argument that the burden of proving the defendant's guilt beyond a reasonable doubt rested with the Commonwealth." Commonwealth v. Parent, 465 Mass. 395, 407 (2013). We perceive no error.
2. Denial of postconviction motions. The defendant claims that the judge's decision to deny his motions for postconviction discovery and a new trial without an evidentiary hearing was an abuse of discretion. We disagree.
The judge may decide a motion for a new trial "on the basis of affidavits if those affidavits and the motion raise no 'substantial issue.' " Commonwealth v. Brown, 479 Mass. 163, 168 (2018), quoting from Mass.R.Crim.P. 30(c)(3), as appearing in 435 Mass. 1501 (2001). "The decision on a motion for a new trial, as well as the decision whether to decide the motion on the basis of affidavits or to hear oral testimony, is left largely to the sound discretion of the judge." Commonwealth v. Stewart, 383 Mass. 253, 257 (1981). Whether to grant a motion for postconviction discovery is also within the discretion of the judge. See Commonwealth v. Gelfgatt, 468 Mass. 512, 519 n.11 (2014). Furthermore, we accord "greater deference to that decision where, as here, the motion judge also presided over the trial." Brown, supra at 168-169.
The defendant made the same ineffective assistance claims in his motion as he does here. Despite the defendant's motion for postconviction discovery, all the information the judge needed to render a decision was contained in the affidavits.
The defendant sought to obtain juror and court officer contact information to determine whether the jurors viewed the victim's medical records. Inquiry "into the substance of jury deliberations" is impermissible, and thus the initiation of posttrial contact with the jurors is generally prohibited. Commonwealth v. Moore, 474 Mass. 541, 549 (2016). Also, aside from trial counsel's unexplained personal belief that the jurors did not view the victim's medical records, the defendant provided no support for the assumption that the jurors failed to view the medical records. In any event, evidence of the jury's failure to view the medical records would not have undermined the appropriateness of trial counsel's strategic trial tactic to rely on the medical records for impeachment purposes. Accordingly, the judge did not abuse his discretion in denying any postverdict discovery or the new trial motion, which raised the same meritless claims we reject on appeal. We discern no abuse of discretion.
Judgments affirmed.
Order denying motions for new trial and postconviction discovery affirmed.