The defendant appeals from his 2010 convictions of possession of a class B substance (cocaine) with intent to distribute[2] and possession of a class B substance (oxycodone). He also appeals from the denial, without an evidentiary hearing, of his motion and amended motion for a new trial, which had asserted that newly-discovered evidence of misconduct at the William A. Hinton State Laboratory Institute (Hinton lab) had tainted the reliability of the evidence introduced at trial that the substances seized from him were cocaine and oxycodone. The appeals were consolidated. We affirm.
On appeal the defendant's sole argument is that the motion judge abused his discretion in denying the new trial motions without first holding an evidentiary hearing. "The decision to hold an evidentiary hearing on a motion for a new trial is 'left largely to the sound discretion of the judge.' Only when the motion and affidavits raise a 'substantial issue' is an evidentiary hearing required." Commonwealth v. Vaughn, 471 Mass. 398, 404 (2015) (citation and quotation omitted). "In determining whether a 'substantial issue' meriting an evidentiary hearing ... has been raised, we look not only at the seriousness of the issue asserted, but also to the adequacy of the defendant's showing on the issue raised." Ibid., quoting from Commonwealth v. Stewart, 383 Mass. 253, 257-258 (1981).
We see no abuse of discretion in the judge's conclusion that the defendant's motions did not make a showing of a "substantial issue" warranting a hearing. For essentially the reasons ably stated by the judge, we agree that the expert affidavit submitted by the defendant failed to identify a sufficient nexus between irregularities at the Hinton lab and the defendant's case to create a substantial issue suggesting justice may not have been done in this case.
In particular, the expert affidavit did not suggest that discredited chemist Annie Dookhan was in any way involved in the testing of the substances seized from the defendant. The affidavit suggested that chemist Stacy Feiden Desjardins, who was involved in such testing as a primary chemist, failed to correct or perhaps even notice an error made by another individual in processing drug evidence in another case several months prior to the testing Desjardins performed in this case. But the expert affidavit did not allege that Desjardins commonly made such errors in other cases, let alone in the defendant's own case. Finally, the expert affidavit alleged that Desjardins had forged the initials of the confirmatory chemist, Della Saunders, on the drug powder analysis forms in the defendant's case. But, as the judge noted, the expert who submitted the affidavit did not purport to have any expertise in handwriting analysis, as opposed to chemistry; moreover, Saunders testified at the defendant's trial that she had performed the confirmatory testing on substances provided by Desjardins in this case, and had determined that they contained cocaine.[3]
We add two points. First, the defendant's new trial motions were weakened by his failure to attach affidavits from trial counsel or the defendant himself indicating how, if at all, the evidence of irregularities at the Hinton lab would have affected the trial strategy in this case.[4] Second, at oral argument before us, the defendant noted that questions had been raised in other cases about the integrity of testing done by chemist Saunders. The defendant's new trial motions and expert affidavit, however, raised no questions about Saunders's conduct in his own case, and the Supreme Judicial Court has declined to speculate whether Saunders engaged in any improper conduct in performing her duties at the Hinton lab. See Commonwealth v. Escobar, 479 Mass. 1010, 1010-1011 (2018).
Judgments affirmed.
Order denying motion for new trial and amended motion for new trial affirmed.

The defendant was found not guilty on the indictment alleging that this was a subsequent offense.

Testing of the oxycodone was performed by other chemists.

Trial counsel's closing argument focused on the claimed lack of evidence that the defendant was engaged in selling the fifteen rocks of crack cocaine and the oxycodone found in his apartment, as well as the possibility that they belonged to his former girl friend. Counsel conceded that the defendant was "guilty of possession of [the] eight rocks" of crack cocaine found in his sock.