NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-904

COMMONWEALTH

vs.

ROGER STACY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a trial in the District Court, a jury found the defendant guilty of operating a motor vehicle while under the influence of alcohol.  G. L. c. 90, § 24 (1) (a) (1). Thereafter, in a jury-waived trial, a judge found that this was the defendant's fourth such offense.  The defendant moved for a new trial, which, after a nonevidentiary hearing, the same judge denied.  The defendant now appeals from both the judgment of conviction and the order denying his new trial motion.  We affirm.

Discussion.  The defendant raises essentially two arguments on appeal.  First, the defendant asserts that the judge abused his discretion in precluding the defendant's girlfriend from

testifying, which the defendant challenged both at trial and in his new trial motion.[1]  Second, the defendant contends that the prosecutor's closing argument referred to facts not in evidence and misstated the evidence, thereby creating a substantial risk of miscarriage of justice.

1.  Girlfriend's testimony.  a.  Exclusion at trial.  In their discretion, judges may "allow the exclusion of witnesses not listed on a pretrial conference report."  Commonwealth v. Durning, 406 Mass. 485, 495 (1990).  But, before prohibiting a witness from testifying, the judge must "make explicit his findings" regarding the five factors outlined in Durning. Commonwealth v. Reynolds, 429 Mass. 388, 400 (1999).  Those factors are:  "(1) prevention of surprise; (2) evidence of bad faith . . . ; (3) prejudice to the other party caused by the testimony; (4) the effectiveness of less severe sanctions; and (5) the materiality of the testimony to the outcome of the case."[2]  Durning, supra at 496.

Here, on the morning of the first day of trial, the judge barred the girlfriend from testifying "based on [defense

---

[1] By the time of trial, the defendant and his girlfriend had married.  For clarity, we refer to her as his girlfriend throughout.

[2] These factors are sometimes referred to as Chappee factors, after the first Massachusetts case to adopt them.  See Commonwealth v. Chappee, 397 Mass. 508, 518 (1986).

2

counsel's] failure to comply with [the witness disclosure requirements of] Rule 14," but the judge did not make explicit findings regarding the Durning factors. Mass. R. Crim. P. 14 (a) (1) (B), as amended, 444 Mass. 1501 (2005). While we agree with the defendant that the judge erred by not making such findings, we nevertheless conclude that the defendant was not prejudiced.

"An error is not prejudicial if it 'did not influence the jury, or had but very slight effect'; however, if we cannot find 'with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error,' then it is prejudicial." Commonwealth v. Cruz, 445 Mass. 589, 591 (2005), quoting Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994). The defendant argues that the exclusion of his girlfriend's testimony was prejudicial because her testimony would have cast doubt on the trooper's testimony that the defendant smelled of alcohol.

Defense counsel's proffer on the morning of trial, however, was that the girlfriend "was not a fact witness" but would merely "corroborate a couple of details." According to counsel, she would testify that "the defendant worked [on the day of the arrest] for ten hours at a job in Salem; he's a cement finisher. He was at the Amazon plant; every day when he comes home, he

3

stinks of chemicals" and that she "makes him take his clothes off in the hallway and get in the shower before he comes in the house."

This proffered testimony was cumulative, because the defendant himself testified to the same details, which were in any event not exculpatory. See Durning, 406 Mass. at 498 ("The defendant's right to call his own witnesses does not extend so far as to require a judge to allow the presentation of cumulative or collateral evidence in contravention of a pretrial conference report"). Counsel never suggested that the girlfriend would testify the fumes on the defendant had an odor similar to alcohol, so as to support an argument that the trooper was mistaken as to what he smelled. Counsel did not suggest she was a percipient witness or that she had any personal knowledge of the defendant's condition or actions immediately before or during his interaction with the trooper.

The defendant also argues on appeal that his girlfriend's testimony, even on the proffered details, would have bolstered his credibility, making her exclusion prejudicial. What this overlooks is that his ongoing relationship with his girlfriend would have made her appear biased in his favor, substantially decreasing any benefit from her testimony. See Commonwealth v. Rarick, 87 Mass. App. Ct. 349, 354 n.7 (2015) (jury entitled to disregard or assign little weight to romantic partner's

testimony); Commonwealth v. Omonira, 59 Mass. App. Ct. 200, 207 (2003) (jury entitled to discount testimony of defendant's spouse and child).

This case is not like Commonwealth v. Dranka, 46 Mass. App. Ct. 38 (1998), on which the defendant relies. In Dranka, a case concerning an alleged rape, the court held it error to bar a physician from testifying that he had performed a vasectomy on the defendant and had then tested the defendant and found him incapable of producing sperm. Id. at 40. The physician would have corroborated the defendant's testimony on those important points. Id. at 43.

Here, in contrast, the girlfriend had an obvious bias and could have corroborated the defendant's testimony only on minor issues that had no discernible bearing on whether he was intoxicated at the time of his interaction with the trooper. Counsel did not suggest the girlfriend could testify to whether the defendant smelled of alcohol, whether his speech was slurred, whether his eyes were glassy and bloodshot, or whether he failed field sobriety tests -- all of which factors the trooper testified to as evidence that the defendant was intoxicated. Thus, in this case, although the judge erred in not making express Durning findings, we are confident that "the judgment was not substantially swayed by the error" (citation

5

omitted), Cruz, 445 Mass. at 591, i.e., that the defendant was not prejudiced by the exclusion of his girlfriend's testimony.

b. Motion for new trial. In his motion for a new trial, the defendant pressed the issue of the exclusion of his girlfriend's testimony. The defendant submitted an affidavit of counsel stating that the girlfriend could have offered certain additional details beyond those proffered at trial. The affidavit also offered additional evidence on certain of the Durning factors.

At the trial level, a motion for new trial should be granted if "it appears that justice may not have been done." Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001). On appeal of the denial of a motion for new trial, we review for "a significant error of law or other abuse of discretion," and we "extend[] special deference to the action of a motion judge who was also the trial judge," as was the case here. Commonwealth v. Grace, 397 Mass. 303, 307 (1986).

The defendant argues that the judge abused his discretion in denying the motion, because counsel's affidavit showed even more strongly that the Durning factors weighed in favor of admitting the girlfriend's testimony. While several Durning factors may well weigh in the defendant's favor, the affidavit did not show that the additional details to which the girlfriend

6

could have testified would have been any more material than what counsel proffered at trial.

According to the affidavit, the girlfriend would corroborate that the defendant had "called her after his motor vehicle ran out of gas and told her that he needed to look for a mile marker or sign to direct her to the location where she could have picked him up." She would also corroborate that it "was the day before Thanksgiving and that she and the defendant had plans of spending the holiday together," and that "the defendant was a construction laborer and his clothing and body often had a strong industrial/chemically smell after he finished his workday." The affidavit does not suggest the girlfriend would have testified either that the smell on the defendant could have been confused with alcohol or that the defendant did not seem intoxicated based on his speech or behavior during his telephone call to her. Indeed, the affidavit does not suggest that the girlfriend's testimony could have added anything material to what was already in evidence at trial.[3]

Because the exclusion of the girlfriend's testimony did not prejudice the defendant, i.e., did not create a risk that "justice may not have been done," Mass. R. Crim. P. 30 (b), the

---

[3] Because of our conclusion, we need not address the Commonwealth's additional argument that some of the proffered testimony would have been inadmissible hearsay.

7

judge acted within his discretion by denying the motion for a new trial.

The defendant further contends that the judge abused his discretion by not holding an evidentiary hearing before ruling on the motion.  "The decision to hold an evidentiary hearing on a motion for a new trial is left largely to the sound discretion of the judge.  Only when the motion and affidavits raise a 'substantial issue' is an evidentiary hearing required" (quotation and citation omitted).  Commonwealth v. Vaughn, 471 Mass. 398, 404 (2015).  "In determining whether a 'substantial issue' meriting an evidentiary hearing . . . has been raised, we look not only at the seriousness of the issue asserted, but also to the adequacy of the defendant's showing on the issue raised." Id., quoting Commonwealth v. Stewart, 383 Mass. 253, 257-258 (1981).

Here, the defendant's motion for a new trial and affidavit did not identify any disputed factual issue that required an evidentiary hearing to resolve.  Even if the judge took as entirely true the affidavit's proffer of how the girlfriend could have testified, it was still within the judge's discretion to deny the motion.  See Vaughn, 471 Mass. at 404.  An evidentiary hearing would have served no real purpose, and so the judge did not abuse his discretion by ruling on the motion without conducting such a hearing.

2.  Closing argument.  The defendant argues that the
Commonwealth's closing argument was improper.  Because the
defendant did not object at the time, we review to consider
whether any error created a substantial risk of miscarriage of
justice.  See Commonwealth v. Randolph, 438 Mass. 290, 297-298
(2002).  That question turns on whether we have "a serious doubt
whether the result of the trial might have been different had
the error not been made."  Commonwealth v. LeFave, 430 Mass.
169, 174 (1999).

The defendant contends that the prosecutor referred to
facts not in evidence, by arguing that "[s]omeone who's been
drinking does not smell like diesel, they smell like an
alcoholic beverage."  The defendant ignores that in his own
closing argument, defense counsel called on the jury to "use
[their] common sense[:] the smell of alcohol, the smell of
fumes; [the trooper] smelled something [and] based upon that,
and based upon field sobriety tests . . . formed the opinion
that [the defendant] was operating under the influence of
alcohol."  Once the defendant suggested, without evidentiary
support, that diesel fumes and alcohol may smell alike, the
Commonwealth was entitled to reply.  See Commonwealth v. Smith,
404 Mass. 1, 7 (1989) (prosecutor entitled to make fair reply to
defendant's closing argument).

9

Although the defendant's brief also suggests that the prosecutor "misstated the evidence," the brief immediately shifts gears to argue only that the prosecutor "misstated what [the defendant's] factual <u>argument</u> actually was" (emphasis added).  We see no support for the suggestion that the prosecutor misstated the defendant's testimony or any other aspect of the evidence itself.  And, as just discussed, the prosecutor's argument was a fair reply to the defendant's own closing argument, which implied that the trooper had mistaken the smell of diesel fumes for the smell of alcohol.

Accordingly, the defendant has shown no error in the Commonwealth's closing argument, much less one that created a substantial risk of miscarriage of justice.

Judgment affirmed.

Order denying motion for new
  trial affirmed.

By the Court (Henry, Sacks &
  Singh, JJ.[4]),

Clerk

Entered:   January 29, 2025.

---

[4] The panelists are listed in order of seniority.

11