COSTAS MARNERAKIS *vs.* PHILLIPS, SILVER, TALMAN, AFRAME & SINRICH, P.C.
January 23, 2006. *Practice, Civil,* Appeal, Notice of appeal, Enlargement of time. *Supreme Judicial Court,* Superintendence of inferior courts.

Costas Marnerakis appeals from a judgment of a single justice of this court denying without a hearing relief under G. L. c. 211, § 3. Marnerakis essentially alleges that a judge sitting in the Worcester Division of the District Court Department erred in entering judgment against him in an underlying civil action and in denying his motion to extend the time to file a notice of appeal.

The Worcester District Court docket reflects the entry of judgment on May 23, 2003, and an amended judgment on July 14, 2003. Marnerakis's notice of appeal, docketed as being received on August 1, 2003, accordingly was not timely. Dist./Mun. Cts. Appellate Division Appeal Rule 4 (a) (West 2005). Although the District Court clerk returned the filing fee to Marnerakis, stating that the notice of appeal had been filed more than ten days after July 14, 2003, and that the appeal "may not be processed," but see *Gorod* v. *Tabachnick*, 428 Mass. 1001, 1001, cert. denied, 525 U.S. 1003 (1998) (in absence of judge's order, clerks "may not refuse to accept a notice of appeal"), Marnerakis promptly filed a motion, pursuant to Dist./Mun. Cts. Appellate Division Appeal Rule 4 (c) (West 2005),[1] seeking to extend the time for filing the notice of appeal. That motion was denied in the District Court on August 15, 2003, and a District Court judge thereafter barred Marnerakis from filing additional documents without leave of that judge.[2] Accordingly, Marnerakis's motion for reconsideration of that denial appears not to have been considered, and his September 23, 2003, notice of appeal of the underlying judgments, and request for assembly of the record, was returned to him.

Relief under G. L. c. 211, § 3, is extraordinary, and "is properly denied where the petitioning party has or had adequate and effective avenues other than G. L. c. 211, § 3, by which to seek and obtain the requested relief." *Maza* v. *Commonwealth*, 423 Mass. 1006, 1006 (1996). In this case, Marnerakis's notices of appeal were filed within the period that a motion for enlargement of time under Dist./Mun. Cts. Appellate Division Appeal Rule 4 (c) or 14 (b) may be considered. While Marnerakis's rule 4 (c) motion was denied by a District Court judge,

"[i]t is established that an appellate court may entertain a Rule

---

[1] The motion also referenced "Rule[] 2(a)" and "Rule #2(b)(3)," and referred the court to an exhibit attached to the motion. Although the record is less than clear, it appears that exhibit was from the Interim Supplemental Rules of Appellate Procedure in Care and Protection Cases (West 2005). Because those rules do not apply in this case, we disregard the citation.

[2] The propriety of that order is not before us on this appeal.

14(b) motion for an enlargement of time irrespective of the denial by the trial court of a prior Rule 4(c) extension motion. *Bernard* v. *United Brands Co.*, 27 Mass. App. Ct. 415, 418 (1989). Rules 4(c) and 14(b) are not mutually exclusive procedural alternatives, and an appellant who suffers a Rule 4(c) denial is not limited to the appeal of such ruling as his sole remedy for late filing."

Oyegbola *vs.* DeSimone, District Court, Appellate Division, Northern District No. 9316M (Mar. 31, 1995).[3] Alternatively, Dist./Mun. Cts. Appellate Division Appeal Rule 2 permits the Appellate Division, in the exercise of its discretion, to suspend its rules to permit the late filing of an appeal "for good cause shown," except as otherwise provided in rules 4 (c) and 14 (b). See *Commonwealth* v. *Guaba*, 417 Mass. 746, 750 (1994); Paquette *vs.* Premier Ins. Co., District Court, Appellate Division, Western District No. 00WAD001 (Sept. 18, 2000).[4] Marnerakis has not demonstrated the inadequacy of these or other potential avenues of relief. See *Rasheed* v. *Commonwealth*, 440 Mass. 1027 (2003).

The single justice did not err or abuse his discretion in denying the requested relief.[5]

*Judgment affirmed.*

*Costas Marnerakis*, pro se.
*Jessica L. Godfrey* for the defendant.

---

[3]While the captions of Marnerakis's postjudgment motions suggest an intent to file postjudgment filings in the Appellate Division, they were docketed in the District Court, and a District Court judge disposed of them.

[4]We imply no view on the substantive merits of Marnerakis's claim that his notice of appeal should be treated as timely. We trust that the Appellate Division will address that argument in due course, if Marnerakis files a motion to enlarge time in that court. We note only that the Appellate Division has jurisdiction to consider such a motion should Marnerakis choose to file one. See *Commonwealth* v. *White*, 429 Mass. 258, 263 (1999). See also *Commonwealth* v. *Pappas*, 432 Mass. 1025, 1026 (2000); *Giacobbe* v. *First Coolidge Corp.*, 367 Mass. 309, 317 (1975). While the foregoing cases address Mass. R. A. P. 14 (b), as amended, 378 Mass. 939 (1979), Dist./Mun. Cts. Appellate Division Appeal Rule 14 (b) uses substantially similar language. Both rules give the appropriate appellate court authority to enlarge time for a limited period. Marnerakis would need to file his motion with the clerk of the Appellate Division of the District Court, whose address is presently Appellate Division of the District Court, Cambridge District Court, 40 Thorndike Street, P.O. Box 396, East Cambridge, MA 02141-0396. See District Court Transmittal No. 880, Consolidation of Appellate Division clerks' offices (April 4, 2005).

[5]The defendant has requested that the record appendix be struck, particularly certain portions containing documents that were not part of the record below, and that Marnerakis's statement of the facts be struck as well. We have not relied on the medical records at issue, and do not rely on factual statements contained in any party's brief that are not properly supported in the record appendix. See Mass. R. A. P. 16 (e), as amended, 378 Mass. 940 (1979).