NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13452

CUMMINS REALTY TRUST  vs.  FRANK O'NEILL.


October 13, 2023.


Summary Process, Appeal.  Practice, Civil, Summary process.
    Supreme Judicial Court, Superintendence of inferior courts.


    The petitioner, Frank O'Neill, filed a petition in the
county court, pursuant to G. L. c. 211, § 3, seeking relief from
an order of the Housing Court requiring him to make use and
occupancy payments.  A single justice of this court denied the
petition, and O'Neill appealed.  We affirm.

    Background.  On December 21, 2022, O'Neill filed a timely
notice of appeal from the entry of final judgment in favor of
Cummins Realty Trust in a summary process action.  A judge in
the Housing Court granted O'Neill's motion to waive the appeal
bond and ordered him to pay monthly use and occupancy payments
in the amount of $1,200 during the pendency of his appeal.
O'Neill failed to make any such payments.

    O'Neill subsequently sought interlocutory review of the use
and occupancy order before a single justice of the Appeals
Court, pursuant to G. L. c. 239, § 5 (f).  The single justice
affirmed.  Thereafter, the Housing Court ordered O'Neill to
tender three months of outstanding use and occupancy payments by
May 16, 2023, warning that failure to comply would result in the
dismissal of his substantive appeal from the judgment in the
summary process action.  On the same date, O'Neill filed the
instant petition in the county court, seeking a reduction in the
monthly use and occupancy payments from $1,200 to one hundred
dollars.  That petition was denied.

On May 16, 2023, the deadline for tendering the outstanding use and occupancy payments, O'Neill filed a motion in the county court requesting a ten-day extension of the deadline either to "explore" appealing from the use and occupancy order in the Federal District Court or to finish moving out of the residence. The single justice denied the motion, and this appeal followed.

Discussion. A single justice properly denies relief under G. L. c. 211, § 3, "where the petitioning party has or had adequate and effective avenues other than G. L. c. 211, § 3, by which to seek and obtain the requested relief" (citation omitted). Marnerakis v. Phillips, Silver, Talman, Aframe & Sinrich, P.C., 445 Mass. 1027, 1027 (2006). Here, the petitioner sought review of the use and occupancy order from a single justice of the Appeals Court, pursuant to G. L. c. 239, § 5 (f). He was "not entitled as of right to an additional layer of review of the . . . use and occupancy order[] in this court." Bigelow v. Massachusetts Courts Promulgator of Official Forms, 484 Mass. 1056, 1057 (2020). Accordingly, the single justice did not err or abuse her discretion in denying relief under G. L. c. 211, § 3.[1]

Judgment affirmed.

The case was submitted on briefs.
Frank O'Neill, pro se.
Robert D. Russo & Patrick J. Donnelly for the respondent.

---

[1] To the extent that O'Neill challenges the denial of his motion for a ten-day extension of the May 16, 2023, deadline, which he does not contend would have enabled him to comply with the order, the issue is moot.