SUPREME JUDICIAL COURT 
 
 JORDAN OSCAR vs. STONE & SKILLET, LLC, & another[1]

 
 Docket:
 SJC-13714
 
 
 Dates:
 May 22, 2025
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 Practice, Civil, Appeal, Notice of appeal, Enlargement of time. Supreme Judicial Court, Superintendence of inferior courts.
 
 

       The pro se petitioner, Jordan Oscar, filed
a petition in the county court, pursuant to G. L. c. 211, § 3,
seeking relief from the denial of his motion to file late a notice of
appeal.  The petition was denied by a
single justice of this court, and Oscar appealed.  We affirm.[2]
      In 2022, Oscar filed a civil complaint in
the Superior Court against the respondents. 
Both respondents filed motions to dismiss, which were allowed, and
judgment entered on March 16, 2023, dismissing the complaint.  Oscar filed a motion for reconsideration
shortly thereafter, but that motion was denied.
      On June 3, 2024, Oscar sought leave to
file a late notice of appeal with a single justice of the Appeals Court.  The single justice denied relief, and Oscar
appealed to a full panel of the Appeals Court. 
During the pendency of that appeal, however, Oscar filed the underlying
petition in the single justice session of the Supreme Judicial Court.  That petition was summarily denied, and Oscar
now appeals to the full court.[3]
      A petitioner is not entitled to relief
pursuant to G. L. c. 211, § 3, where he or she "has or had
adequate and effective avenues other than G. L. c. 211, § 3, by
which to seek and obtain the requested relief" (citation omitted).   Marnerakis v. Phillips, Silver, Talman,
Aframe & Sinrich, P.C., 445 Mass. 1027, 1027 (2006).  On appeal, we will not disturb a single
justice's decision to deny relief under G. L. c. 211, § 3,
"absent clear error of law or abuse of discretion."  Adjartey v. Central Div. of the Hous. Court
Dep't, 481 Mass. 830, 833 (2019), quoting Fogarty v. Commonwealth, 406 Mass.
103, 106 (1989).
      Here, Oscar had an adequate remedy in the
ordinary appellate process from the dismissal of his civil complaint, by way of
a timely direct appeal.  When his request
to file an untimely notice of appeal was denied by a single justice of the
Appeals Court, he also had (and pursued) an additional avenue of relief by
appealing that decision before a panel of the Appeals Court.  See Rasheed v. Commonwealth, 440 Mass. 1027,
1027 (2003) (petitioner had adequate alternative remedy, where he "could
have appealed to a panel of the Appeals Court from the Appeals Court's single
justice's denial of his motion for leave to file a late notice of
appeal").  "The fact that he
did not receive relief does not render the ordinary appellate process
inadequate for purposes of G. L. c. 211, § 3."  Tavares v. Commonwealth, 481 Mass. 1044, 1044
(2019).  Accordingly, the single justice
did not commit a clear error of law or otherwise abuse her discretion in
denying relief under G. L. c. 211, § 3.
Judgment affirmed.
      The case was submitted on briefs.
      Jordan Oscar, pro se.

footnotes

[1] Ryan L.
Schaiberger.  The petition identifies
Schaiberger as "Ryan L. Chaiberger," but to the extent this is a
misspelling, it is not material to the legal issue before us on appeal.

[2] The
petitioner's motion to file a nonconforming brief is hereby allowed.  The petitioner has also submitted a filing
entitled "motion of entry missing pages."  That filing contains a copy of the docket
report for the Superior Court matter, as well as narrative statements, some of
which do not appear to have been before the single justice in the county
court.  The supplemental materials would
not, in any event, affect the outcome of this appeal, and therefore, we take no
action on that motion.

[3] On March 18,
2025, the Appeals Court, in an unpublished memorandum and order pursuant to its
rule 23.0, affirmed the ruling of the Appeals Court single justice denying
Oscar leave to file a late notice of appeal. 
See Oscar v. Stone & Skillet, LLC, 105 Mass. App. Ct. 1119 (2025).