SUPREME JUDICIAL COURT 
 
 PENNY A. JEAN vs. MICHAEL SALAMONE & another[1]

 
 Docket:
 SJC-13764
 
 
 Dates:
 December 12, 2025
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 Supreme Judicial Court, Superintendence of inferior courts.
 
 

      The petitioner, Penny A. Jean, filed a petition in the county court seeking relief from various rulings arising from a breach of contract matter in the Superior Court.  A single justice of this court denied relief, and Jean now appeals.  We affirm.
     Background.  In 2021, the respondents filed suit against Jean in the Superior Court for breach of contract and other related claims.  In their complaint, the respondents alleged that they had entered into a "joint venture agreement" (JVA) with Jean to subdivide her residential property, develop and sell the subdivided lots, and split the proceeds.  The complaint further alleged that Jean attempted to back out of the agreement one year later, after the respondents had allegedly spent significant money on the project.
     On January 12, 2022, a judge in the Superior Court allowed, in part, the respondents' motion for summary judgment, ruling that the JVA was "an effective and binding agreement," and that Jean had breached her obligations thereunder.  The judge concluded, however, that a trial was necessary as to the respondents' claims for specific performance and injunctive relief.  Prior to trial, the parties reached a settlement, and an agreement for judgment was entered on the docket.
     In July 2024, the respondents filed a complaint for contempt, alleging that Jean was refusing to comply with the agreement for judgment.  In an order entered January 15, 2025, Jean was found in contempt and ordered to take specific steps to comply with the terms of the agreement for judgment.  One month later, Jean, acting pro se, filed a document titled "PETITION FOR REDRESS / MOTIONS AND DEMANDS" in the county court.  In the petition, Jean argued that the respondents fraudulently obtained her acceptance of the JVA, and that she consented to the subsequent agreement for judgment under duress.  She asserted that requiring her to comply with the contempt order violated her right to a jury trial under the Seventh Amendment to the United States Constitution, as well as principles of due process and various Federal statutory protections.  A single justice treated the petition as a request for extraordinary relief under G. L. c. 211, § 3, and denied relief without a hearing.  This appeal followed.
     Discussion.  On appeal, we will not disturb a single justice's decision to deny relief under G. L. c. 211, § 3, "absent clear error of law or abuse of discretion."  Adjartey v. Central Div. of the Hous. Court Dep't, 481 Mass. 830, 833 (2019), quoting Fogarty v. Commonwealth, 406 Mass. 103, 106 (1989).  Relief under G. L. c. 211, § 3, is extraordinary, and a single justice is not required to become involved if the petitioner "has or had adequate and effective avenues other than G. L. c. 211, § 3, by which to seek and obtain the requested relief" (citation omitted).  Marnerakis v. Phillips, Silver, Talman, Aframe & Sinrich, P.C., 445 Mass. 1027, 1027 (2006).  See Commonwealth v. Fontanez, 482 Mass. 22, 24-25 (2019).
     Here, the single justice plainly did not abuse his discretion in denying relief given that Jean has not demonstrated the absence of an adequate alternative remedy.  Although Jean takes issue with the agreement for judgment, it does not appear that she ever attempted to file a motion for relief from judgment in the trial court, pursuant to Mass. R. Civ. P. 60, 365 Mass. 828 (1974).[2]  See, e.g., Parrell v. Keenan, 389 Mass. 809, 816 (1983) (affirming judge's allowance of motion to vacate judgment under rule 60 [b] [6] where, inter alia, agreement for judgment was not executed by plaintiff or with her authority).  Even if she had, the denial of any such motion would be appealable in the ordinary course.  See Pandey v. Superior Court, 412 Mass. 1001, 1001 (1992) (plaintiff had adequate alternative remedy where he could have appealed denial of motion for relief from judgment).  To the extent that Jean seeks review of the contempt order, she similarly "could have challenged the validity of the civil contempt [order] through the ordinary course of appeal."  Gaines v. Attorney Gen., 495 Mass. 1016, 1018 (2025).  Accordingly, the single justice did not commit a clear error of law or otherwise abuse his discretion in denying Jean's petition for relief.[3][4]
Judgment affirmed.
     The case was submitted on briefs.
     Penny A. Jean, pro se.
     David A. Conti for the respondents.
Footnotes 
     [1] Flaminio Lanzillo.
     [2] During the pendency of this appeal, Jean filed what appears to be a request for relief under Mass. R. Civ. P. 59 (e), 365 Mass. 827 (1974), or Mass. R. Civ. P. 60 (b), directly in this court.  She has also submitted numerous additional filings requesting miscellaneous forms of relief.  In light of our conclusion that the single justice did not commit a clear error of law or otherwise abuse his discretion in denying Jean's petition, "we need not address each of the additional, miscellaneous requests for relief."  See Darby v. Commonwealth, 494 Mass. 1023, 1024 n.3 (2024).  "The relief sought, if warranted, can be obtained through appropriate motions in the trial court or the Appeals Court."  Callahan v. Superior Court Dep't of the Trial Court, 432 Mass. 1023, 1023 n.2 (2000).
     [3] Although not the basis for our decision, we note that Jean has failed to submit a record appendix.  As we have warned in other cases, "[i]t is incumbent on a party who seeks . . . relief [under G. L. c. 211, § 3,] to create a record -- not merely to allege but to demonstrate, i.e., to provide copies of the lower court docket entries and any relevant pleadings, motions, orders, recordings, transcripts, or other parts of the lower court record necessary to substantiate [her] allegations" (quotation and citation omitted).  Greci v. Travelers Ins. Co., 483 Mass. 1032, 1033 (2020).
     [4] Insofar as Jean seeks to contest additional rulings of the Superior Court that were entered after the denial of her petition in the county court, those issues were not before the single justice, and we will not consider them for the first time on appeal.  See Gannett v. Board of Bar Overseers, 495 Mass. 1025, 1025 n.1 (2025).